MARIANA ARRIAGA RIVERA, demandante y recurrente, *v.* FONDO DEL SEGURO DEL ESTADO, demandado y recurrido.

*Número:* CC-97-612          *Resuelto:* 18 de marzo de 1998

*Osvaldo Pérez Marrero*, abogado de la parte peticionaria; *Luis E. Duchesne Jiménez*, abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Tenemos ante nos la ocasión para precisar cuál es el alcance del requisito procesal, fijado en el Reglamento del Tribunal de Circuito de Apelaciones, que exige el cumplimiento estricto de la obligación de un peticionario de notificar su recurso de *certiorari* al tribunal recurrido.

I

La peticionaria, Mariana Arriaga Rivera, fue admitida en el Hospital Industrial, de la Corporación del Fondo del Seguro del Estado (en adelante F.S.E.), para recibir tratamiento médico, que incluía una operación quirúrgica. Cuatro días después de dicha operación, el 5 de abril de 1993, la peticionaria tomó los medicamentos que se le habían prescrito para dormir, pero el personal del hospital no tomó la precaución de fijar barandas protectoras a su cama, por lo que la peticionaria se cayó de ésta mientras dormía. Tal caída ocasionó que se lesionara los discos vertebrales recién operados. Posteriormente, la peticionaria continuó recibiendo tratamiento médico hasta el 18 de enero de 1996, cuando se le notificó la decisión del Administrador del F.S.E. de otorgarle incapacidad total permanente por su lesión.

Mientras recibía el tratamiento aludido, el 28 de marzo de 1994 la peticionaria envió una carta certificada con acuse de recibo al Administrador del Hospital Industrial. En dicha carta la peticionaria hizo una reclamación extra-

judicial detallada respecto a su caída, a los fines de interrumpir el término prescriptivo de la acción civil por los daños resultantes de dicha caída, ocasionados por la negligencia del personal del hospital. El administrador del hospital, sin embargo, no recibió esa carta hasta el 6 de abril de 1994. El 19 de septiembre de 1994 la peticionaria presentó una demanda contra el F.S.E. por el incidente aludido.

Dos años más tarde, luego de que ocurriesen varios incidentes procesales, el F.S.E. presentó en el foro judicial una moción de desestimación, en la que alegaba que la causa de acción de la peticionaria estaba prescrita. El Tribunal de Primera Instancia adjudicó dicha moción y determinó que la carta enviada por la peticionaria al Administrador del Hospital Industrial el 28 de marzo de 1994 había interrumpido el término para incoar la acción en cuestión. También indicó el foro de instancia que dicho hospital era una dependencia del F.S.E., por lo que al enviar la carta a nombre del administrador del hospital, constituía una reclamación extrajudicial al F.S.E.

Inconforme con tal determinación, el F.S.E. recurrió mediante el recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones. Éste revocó el dictamen del foro de instancia. Determinó que no se había interrumpido el término prescriptivo, debido a que la carta fue recibida el 6 de abril de 1994, un día después de extinguirse dicho término. Además, señaló que la carta en cuestión estaba dirigida a un tercero, al Administrador del Hospital Industrial, no al F.S.E., por lo que la reclamación extrajudicial hecha mediante dicha carta no gozaba de capacidad interruptiva, por no estar dirigida a quien fuera demandado.

No conforme con la determinación del foro apelativo, la peticionaria acudió ante nos oportunamente, mediante el recurso de *certiorari*, e hizo el siguiente señalamiento de errores:

Primer Error: Erró el Honorable Tribunal de Circuito de Ape-

laciones al aplicar el derecho a los hechos de este caso, pues no siguió la ley del FSE; los criterios establecidos sobre la interpretación de reclamaciones de obreros cubiertos por la ley del FSE; ni los criterios establecidos sobre la prescripción.

Segundo Error: Erró el Honorable Tribunal de Circuito de Apelaciones al ejercer su jurisdicción sobre un CERTIORARI que no fue formalizado a tenor con su reglamento; en la alternativa, abus[ó] de su discreción, al aceptar una ausencia de excusa como justificación para subsanar el incumplimiento con un requisito de estricto cumplimiento.

Tercer Error: Erró el Honorable Tribunal de Circuito de Apelaciones, al resolver que la norma de notificación que se utiliza en las Reglas de Procedimiento Civil no es de aplicación a una reclamación extrajudicial y que cuando la carta llega a su destino, la interrupción no surte efecto desde que se envió la misma.

Cuarto Error: Erró el Honorable Tribunal de Circuito de Apelaciones al determinar contrario a la prueba que el Hospital Industrial es un tercero que nunca fue demandado en este caso.

Posteriormente, el 2 de diciembre de 1997, el F.S.E. compareció ante nos mediante un escrito titulado Alegato de la Parte Recurrida, en el cual arguyó en contra del señalamiento de errores de la peticionaria y a favor de que se confirmara la sentencia del foro apelativo. Con el beneficio de los escritos de ambas partes, pues, pasamos a resolver, conforme lo dispuesto en la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. XXII-A.

## II

La peticionaria ha planteado ante nos dos importantes controversias sobre el asunto de la prescripción. Una tiene que ver con la cuestión de cuándo comienza a correr el término prescriptivo para que un obrero pueda incoar una acción de daños y perjuicios contra el propio F.S.E. en un caso como el de autos. La otra tiene que ver con la cuestión de cuándo surte efectos una reclamación extrajudicial, para interrumpir el término prescriptivo. No hemos de resolver estas controversias, sin embargo, porque existe un asunto previo, de naturaleza procesal, con-

forme al cual debe disponerse de la petición de *certiorari* ante nos. Se trata de la cuestión planteada en el segundo señalamiento de error de la peticionaria, referente a que el Tribunal de Circuito de Apelaciones no debió ejercer su jurisdicción para acoger un recurso de *certiorari* que no había sido debidamente perfeccionado. De ser correcto el señalamiento aludido, sería improcedente el dictamen del foro apelativo, independientemente de si tenía méritos o no el contenido substantivo de dicho dictamen. Como se sabe, las cuestiones relativas a la jurisdicción de un tribunal, por ser privilegiadas, deben resolverse con preferencia a cualesquiera otras. *Autoridad Sobre Hogares v. Sagastivelza*, 71 D.P.R. 436 (1950); *López v. Pérez*, 68 D.P.R. 312 (1948). Si el Tribunal de Circuito de Apelaciones no debió asumir jurisdicción para entender en el *certiorari* mediante el cual ese foro dictó la sentencia que se ha impugnado ante nos, lo que procede es que así lo declaremos, y que por ello desestimemos el recurso ante nos. Así lo hemos resuelto reiteradamente. *Dalmau v. Quiñones*, 78 D.P.R. 551 (1955). *Ponce v. F. Badrena E Hijos, Inc.*, 74 D.P.R. 225, 249 (1952); *Autoridad Sobre Hogares v. Sagastivelza*, supra; *López v. Pérez*, supra. Pasemos, pues, a considerar el señalamiento de error aludido.

## III

La Regla 33(A) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, dispone lo siguiente:

> *Regla 33. Presentación y notificación*
> (A) *Manera de presentarlo.*—Los escritos iniciales de *certiorari* que se sometan a la consideración del Tribunal de Circuito de Apelaciones, y sus copias, podrán presentarse en la Secretaría del Tribunal de Circuito de Apelaciones o en la Secretaría de la sede del Tribunal de Primera Instancia en la cual se resolvió la controversia objeto de revisión. Una u otra forma de presentación tendrá todos los efectos de ley.

> Cuando la solicitud de *certiorari* sea presentada en la Secretaría del Tribunal de Circuito de Apelaciones, *la parte peticionaria deberá notificar a la Secretaría del tribunal recurrido, dentro de las cuarenta y ocho (48) horas siguientes a la presentación de la solicitud, copia de la misma debidamente sellada con la fecha y la hora de presentación. El término aquí dispuesto será de cumplimiento estricto.* Cuando la solicitud sea presentada en la Secretaría del tribunal recurrido, el [la] peticionario[a] deberá notificar a la Secretaría del Tribunal de Circuito de Apelaciones dentro de las cuarenta y ocho (48) horas siguientes a la presentación de la solicitud, las cuatro (4) copias que fueron debidamente selladas por la Secretaría del tribunal recurrido con la fecha y la hora de presentación. El término aquí dispuesto será de cumplimiento estricto. (Énfasis suplido.)

En el caso de autos, el F.S.E. no cumplió con lo dispuesto en la citada Regla 33(A), como bien lo admitió el propio foro apelativo en su sentencia. El F.S.E. presentó su recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones el 24 de octubre de 1996, pero no notificó dicho recurso a la Secretaría del tribunal recurrido. Ello dio lugar a que el foro de instancia continuara con los procedimientos del caso, a pesar de que estaba pendiente ante el foro apelativo el recurso aludido del F.S.E. En efecto, pocos días después de que el F.S.E. presentara su recurso de *certiorari* ante dicho foro, el 7 de noviembre de 1996, el tribunal de instancia celebró una conferencia con antelación al juicio. Allí, el tribunal señaló una vista transaccional para el 24 de marzo de 1997, que tuvo que suspenderse llegada la fecha de ésta cuando el tribunal de instancia tuvo noticia por primera vez de que estaba interpuesto y pendiente el *certiorari* aludido ante el foro apelativo.

En vista del incumplimiento de la Regla 33(A), *supra*, por el F.S.E., la peticionaria solicitó del Tribunal de Circuito de Apelaciones la desestimación del recurso de *certiorari* presentado por el F.S.E. El foro apelativo entonces le requirió al F.S.E. que acreditase la fecha, si alguna, en que había notificado al tribunal recurrido la presentación de *certiorari* en cuestión. En respuesta a este requerimiento

del Tribunal de Circuito de Apelaciones, el F.S.E. *admitió* que no había cumplido con lo dispuesto en la Regla 33(A) aludida. Señaló, además, que

> ... nuestro incumplimiento no se debió a falta de interés o menosprecio al proceso.

> .    .    .    .    .    .    .    .

> ... el incumplimiento ha sido un evento aislado, el mismo ha sido involuntario, no ha habido lesión a las partes o a la dignidad del tribunal, existe un firme propósito de enmienda de parte de la Corporación del Fondo del Seguro del Estado ....

Sobre la base de la referida respuesta del F.S.E., el foro apelativo denegó la moción de desestimación de la peticionaria. Aunque el F.S.E. evidentemente *no ofreció una razón adecuada* que justificase su incumplimiento del requisito fijado por la Regla 33(A) en cuestión, el foro apelativo resolvió que dicho requisito debía ser interpretado de manera flexible, y que como éste era uno de cumplimiento estricto y no de carácter jurisdiccional, el tribunal tenía la facultad de eximir de éste a la parte recurrente. El Tribunal de Circuito de Apelaciones no explicó en cuáles circunstancias procedía que se eximiera a una parte de cumplir con la regla aludida ni justificó de modo alguno por qué en este caso debía hacerse tal excepción con el F.S.E. Sencillamente, el foro apelativo resolvió que a pesar del incumplimiento por el F.S.E. con lo dispuesto en la Regla 33(A), *supra*, tenía jurisdicción para entender en el recurso en cuestión, porque dicha regla sólo establecía un requisito de cumplimiento estricto, no uno jurisdiccional. Con razón nos dice la peticionaria que erró el Tribunal de Circuito de Apelaciones al resolver como lo hizo. Veamos.

## IV

Reiteradamente hemos resuelto que las disposiciones reglamentarias sobre los recursos a presentarse

ante este Tribunal deben observarse rigurosamente. *Cárdenas Maxán v. Rodríguez*, 119 D.P.R. 642 (1987); *In re Reglamento del Tribunal Supremo*, 116 D.P.R. 670 (1985); *Mfrs. H. Leasing v. Carib. Tubular Corp.*, 115 D.P.R. 428 (1984); *Matos v. Metropolitan Marble Corp.*, 104 D.P.R. 122 (1975). Esta conocida norma debe ser extensiva también al Reglamento del Tribunal de Circuito de Apelaciones. En el caso de nuestro propio reglamento hemos señalado que "[l]os abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos", y que no puede quedar "al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo ...". *Matos v. Metropolitan Marble Corp.*, supra, pág. 125. No existe razón alguna que justifique no aplicar esta norma, de evidente sentido jurídico, al cumplimiento del Reglamento del Tribunal de Circuito de Apelaciones. Es cierto que en el pasado reciente hemos señalado al foro apelativo que debe ser flexible en ciertas aplicaciones de su reglamento, *pero ello ha sido en situaciones muy particulares*, en las cuales tal flexibilidad estaba plenamente justificada, como cuando se trata de un mero requisito de forma, de menor importancia, *Santos y otros v. Mun. de Comerío* 140 D.P.R. 12 (1996); o cuando el foro apelativo ha impuesto una severa sanción de desestimación sin antes haber apercibido a la parte debidamente, *López Rivera v. Rivera Díaz*, 141 D.P.R. 194 (1996). Ninguna de tales expresiones nuestras debe interpretarse como que da licencia a las partes o al foro apelativo para soslayar injustificadamente el cumplimiento del reglamento de ese foro, particularmente ahora que éste tiene casi dos años de vigencia y no es razonable ya excusar a los abogados por su desconocimiento.

■ En el caso de autos, se trata de un requisito expresamente calificado como de "cumplimiento estricto". Ya antes nos hemos expresado claramente sobre el significado

de esta figura procesal. Hemos señalado que existe una "diferencia conceptual con efectos jurídicos distintos entre lo que es 'requisito de cumplimiento estricto' y 'requisito jurisdiccional' ". *Loperena Irizarry v. E.L.A.*, 106 D.P.R. 357, 360 (1977). Hemos indicado que cuando se trata de un término de cumplimiento estricto, el foro judicial queda liberado del automatismo que conlleva el requisito jurisdiccional y puede "proveer justicia según lo ameriten las circunstancias". Íd., pág. 360. Más concretamente, hemos resuelto que cuando un término es de cumplimiento estricto, su observancia tardía "es permisible *de existir y demostrarse a cabalidad una justa causa*" para no cumplir rigurosamente con el término en cuestión. (Énfasis suplido.) *González Santos v. Bourns P.R., Inc.*, 125 D.P.R. 48, 58 (1989). También hemos resuelto que "[n]o se permitirá desviación alguna del plazo ... so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad", *Pueblo v. Fragoso Sierra*, 109 D.P.R. 536, 539 (1980), y que "no permitiremos presentaciones tardías de copia de ningún recurso en la secretaría del tribunal de apelación, a menos que la demora ocurrida se justifique detalladamente y a cabalidad". *Morales v. Méndez Más*, 109 D.P.R. 843, 845 (1980).

■ Debe indicarse, además, que en fecha muy reciente, en un caso en el cual estaba en cuestión precisamente el alcance de un término de cumplimiento estricto, resolvimos que el Tribunal de Circuito de Apelaciones no goza de discreción para prorrogar tales términos automáticamente. Indicamos que el foro apelativo tiene discreción para extender un término de cumplimiento estricto "sólo cuando la parte que lo solicita demuestra justa causa para la tardanza. *En ausencia de tales circunstancias, dicho tribunal carece de discreción para prorrogar el término y, por ende, acoger el recurso de certiorari ante su consideración*". (Énfasis en el original.) *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 D.P.R. 651, 657 (1997).

■ De lo anterior se desprende que los tribunales pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, si están presentes dos condiciones: (1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida.

■ En el caso de autos, no está presente al menos una de las dos condiciones aludidas. Si bien el F.S.E. intentó justificar en detalle su incumplimiento con el término en cuestión, no ofreció realmente una causa justificada para su omisión. Alegaciones tales como las que hizo el F.S.E., de que el incumplimiento fue "involuntario", que "no se debió a falta de interés", que no hubo "menosprecio al proceso", o de que ahora "existe un firme propósito de enmienda", no constituyen justa causa. No es con vaguedades, excusas o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales.

Ausente la justa causa para la omisión en cuestión, el foro apelativo no tenía discreción para eximir al F.S.E. del cumplimiento con lo dispuesto en la Regla 33(A) del Tribunal de Circuito de Apelaciones, *supra*. Aunque no se tratase de un requisito jurisdiccional, dicho foro venía obligado aun, como hemos resuelto antes, a denegar el recurso de *certiorari*, por razón del incumplimiento del reglamento aludido.

Por los fundamentos expuestos, *habiendo errado el foro apelativo al acoger la petición de certiorari del F.S.E., se dictará sentencia para expedir el auto de "certiorari" solicitado ante nos y para dejar sin efecto la del Tribunal de Circuito de Apelaciones de 24 de septiembre de 1997.*

En vista de lo que resolvemos, no es procedente discutir los otros señalamientos de error planteados por el peticionario. Ello conforme nuestros precedentes en casos similares. Véase *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra. Cualquier dictamen nuestro sobre esos otros señalamientos constituiría una mera *opinión consultiva* y sería contraria a nuestra reiterada política judicial de no hacer pronunciamientos normativos que no han de tener efectos prácticos, porque no han de cambiar de modo alguno el resultado ya dispuesto para el caso en cuestión. *P.P.D. v. P.N.P.*, 140 D.P.R. 52 (1996).

El Juez Asociado Señor Negrón García disintió sin opinión escrita. El Juez Asociado Señor Rebollo López disintió con opinión escrita.

— O —

Opinión disidente emitida por el Juez Asociado Señor Rebollo López.

Disentimos de la opinión mayoritaria por *dos* (2) razones. La primera, porque *no* estamos de acuerdo con la ambivalencia del Tribunal y los "mensajes contradictorios" que el mismo ha estado enviando, respecto a la facultad inherente que tiene el Tribunal de Circuito de Apelaciones de interpretar su propio reglamento.

No obstante el hecho de que este Tribunal fue el que promulgó dicho reglamento, conforme las disposiciones de la Ley de la Judicatura de Puerto Rico de 1994, es al foro apelativo intermedio al que le corresponde, en primera instancia y de manera principal, interpretar el mismo. Sus interpretaciones merecen nuestra deferencia. Después de todo, y a pesar de que somos el más alto Foro apelativo del País, ni somos infalibles ni fuimos designados como los "mentores o tutores" del Tribunal de Circuito de Apelaciones.

En segundo término, somos del criterio que al resolver —como lo hace— la Mayoría está demostrando una carencia absoluta de pragmatismo judicial. Conforme explicamos más adelante, el resultado de la decisión mayoritaria emitida es que el caso retorna al Tribunal de Primera Instancia para la celebración de un juicio plenario, proceso que *podría* ser dejado sin efecto posteriormente; ello con el consabido gasto innecesario de recursos, tiempo y dinero.

I

Como surge de la opinión mayoritaria, en el caso que ocupa nuestra atención, el tribunal de instancia resolvió que resultaba procedente denegar una moción de desestimación que había radicado la Corporación del Fondo del Seguro del Estado (en adelante el Fondo) respecto a la demanda de daños y perjuicios radicada por la aquí peticionaria Arriaga Rivera contra dicho organismo administrativo. Dicha solicitud de desestimación estaba predicada en la defensa afirmativa de prescripción. El foro de instancia denegó la aludida solicitud por entender que una carta que había enviado la demandante Arriaga Rivera al Administrador del Hospital Industrial había tenido el efecto de interrumpir el período prescriptivo.

En *certiorari*, el Tribunal de Circuito de Apelaciones revocó dicha actuación por entender que la mencionada carta no tuvo el efecto de interrumpir el término prescriptivo ya que: la misma fue recibida por el destinatario con posterioridad a la conclusión del período prescriptivo aplicable y porque dicha carta no estaba dirigida a la parte demandada, esto es, al Fondo.

Conforme al criterio de una mayoría de los integrantes del Tribunal, procede revocar la sentencia emitida por el Tribunal de Circuito de Apelaciones por el fundamento de que dicho foro apelativo intermedio no debió entrar a dilucidar los méritos del recurso, ya que lo procedente era des-

estimar el recurso radicado por el Fondo por razón de que éste incumplió con el requisito de notificar al tribunal de instancia. En otras palabras, la Mayoría resuelve que el incumplimiento, por parte del Fondo, con las disposiciones de la Regla 33(A) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, sin que el Fondo adujera justa causa para ello, amerita la desestimación del recurso radicado por dicho organismo administrativo.

Como expresáramos anteriormente, el resultado o consecuencia de la opinión mayoritaria emitida es que el caso retorna al tribunal de instancia para la dilucidación, en sus méritos, de la demanda de daños y perjuicios que contra el Fondo radicara la peticionaria Arriaga Rivera sin que el planteamiento de prescripción hecho por el Fondo haya sido resuelto en los méritos; defensa afirmativa que, de ser procedente, priva de autoridad al foro de instancia para intervenir y resolver en los méritos el caso.

## II

Una vez retorne el caso al tribunal de instancia pueden darse, naturalmente, varias alternativas: (1) las partes pueden transigir el pleito; (2) la parte demandante puede *no* prevalecer en los méritos; (3) la demandante puede prevalecer y el Fondo *no* recurrir en apelación al Tribunal de Circuito de Apelaciones; (4) la parte demandante puede prevalecer, el Fondo acudir en apelación al Tribunal de Circuito de Apelaciones, plantear la defensa de la prescripción, y un panel del Tribunal de Circuito, distinto al que ahora intervino, resolver que la acción no estaba prescrita y el Fondo no acudir ante este Tribunal; (5) todo lo anterior, y la parte perjudicada acudir ante este Tribunal, en cuya situación vendríamos obligados a resolver si la acción estaba, o no, prescrita; etc.

Las primeras tres (3) alternativas pueden darse sin que, finalmente, se tenga que resolver el planteamiento legal de

si el Fondo puede, o no, levantar nuevamente ante los foros apelativos correspondientes la cuestión de la prescripción. En las restantes alternativas, si el Fondo levanta nuevamente dicha cuestión ante los tribunales correspondientes, sí hay que resolver dicho punto.

La solución de la referida cuestión *no* es fácil. Hemos resuelto que si este Tribunal adjudica, *en los méritos y vía "certiorari"*, una determinación interlocutoria de un tribunal de instancia, *no* procede que la parte perdidosa vuelva a plantear lo mismo en un recurso posterior; ello, conforme a la doctrina de la "ley del caso". *Vélez v. Serv. Legales de P.R., Inc.*, 144 D.P.R. 673 (1988); *Candelaria v. Mun. de Ceiba*, 114 D.P.R. 155, 156–157 (1983); *Rivera v. Insurance Co. of P.R.*, 103 D.P.R. 91, 94 (1974).

La situación aquí es distinta. El Fondo levantó oportunamente la defensa de prescripción; defensa que, como expresáramos anteriormente, de ser procedente en derecho, priva al tribunal de instancia de autoridad para intervenir en el caso. Dicha cuestión, como consecuencia inescapable de la decisión mayoritaria hoy emitida, *no* queda resuelta en los méritos ya que la Mayoría entiende que resulta procedente la desestimación del recurso, radicado ante el Tribunal de Circuito de Apelaciones, por incumplimiento con el Reglamento. La cuestión de si ese incumplimiento, que desemboca en la desestimación de su recurso, priva al Fondo de poder plantear nuevamente la defensa de prescripción en apelación *no* ha sido resuelta por el Tribunal.

Ahora bien, de poder el Fondo plantear dicha defensa nuevamente, y de prevalecer en su planteamiento, todo el procedimiento que se haya llevado a cabo habría que dejarlo sin efecto. Esto es, todo el tiempo invertido por el tribunal de instancia en ver el caso en sus méritos, todos los recursos en ello utilizados, todo el dinero gastado por las partes y la Rama Judicial en dicho procedimiento habría sido en vano.

Ante esta situación, *¿qué hizo el Tribunal de Circuito de Apelaciones?* Actuando con, y demostrando, una *gran sen-*

*satez,* decidió ser "flexible" y acoger el recurso radicado por el Fondo y decidir, *en los méritos,* el planteamiento de prescripción hecho por el referido organismo administrativo.

¿Cometió un *"abuso de discreción"* al así actuar? La mayoría de los integrantes del Tribunal decide hoy que sí; nosotros sostenemos que no.([1]) Veamos por qué.

La Regla 33(A) del Reglamento del Tribunal de Circuito de Apelaciones, *ante,* establece, *en síntesis y en lo pertinente al asunto planteado,* que una parte que no esté conforme con una resolución interlocutoria emitida por el Tribunal de Primera Instancia podrá revisar la misma ante el Tribunal de Circuito de Apelaciones presentando un recurso de *certiorari* en "la Secretaría del Tribunal de Circuito de Apelaciones *o* en la Secretaría de la sede del Tribunal de Primera Instancia en la cual se resolvió la controversia objeto de revisión". (Énfasis suplido.) Íd.

Dicha Regla 33(A) impone, *además,* la obligación a esa parte de notificar a la *otra* Secretaría; esto es, si radicó ante el Tribunal de Circuito de Apelaciones, tiene que notificar al Tribunal de Primera Instancia, y si radicó ante este último, tiene que notificar al Tribunal de Circuito de Apelaciones. *Analizado en su justa perspectiva,* ese requisito, aun cuando importante, es uno que *no* debe privar al Tribunal de Circuito de Apelaciones de entender en el recurso. De hecho, nuestro ordenamiento dispone para que el Tribunal de Circuito pueda eximir del mismo a la parte peticionaria; ello así cuando ésta demuestra "justa causa". Es correcto que en el presente caso el Fondo no adujo esa "justa causa". Ello no obstante, la situación indeseable que antes señaláramos que podría ocurrir si el planteamiento de prescripción no se resuelve —el malgasto de fondos, recursos y tiempo— constituye, *de por sí,* causa o razón sufi-

---

([1]) Debe mantenerse presente que, conforme nuestro ordenamiento jurídico, discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera ...". *Pueblo v. Sánchez González,* 90 D.P.R. 197, 200 (1964).

ciente para que el Tribunal de Circuito correctamente haya decidido ejercer su *sana discreción*, ser *"flexible"* en la interpretación de su Reglamento, y acoger y resolver el recurso en sus méritos. *Así se lo hemos señalado, en el pasado, al Tribunal de Circuito de Apelaciones.* Veamos.

En *Santos y otros v. Mun. de Comerío*, 140 D.P.R. 12 (1996), resolvimos que "abusó de su discreción" el Tribunal de Circuito de Apelaciones al desestimar un recurso de *certiorari* que, aunque fue presentado dentro del término de cumplimiento estricto de treinta (30) días, fue corregido —para subsanar un defecto de forma— al otro día de expirar el plazo de treinta (30) días. Al así resolver expresamos, en lo pertinente, que una *interpretación flexible* de las normas reglamentarias allí en controversia permitiría al Tribunal de Circuito de Apelaciones decidir si expide o no el recurso y, de hacerlo, revisar en los méritos el planteamiento de la parte allí peticionaria.

En *López Rivera v. Rivera Díaz*, 141 D.P.R. 194 (1996), un tribunal dividido[2] resolvió que resultaba ser una sanción demasiado extrema *la desestimación* decretada por el Tribunal de Circuito de Apelaciones por no haber perfeccionado su recurso la parte peticionaria con la debida diligencia, ello con relación a la exposición narrativa de la prueba. Al así actuar señalamos, entre otros fundamentos, que:

> ... reiteradamente hemos resuelto que cuando un tribunal tiene ante sí una situación de desatención al caso por la parte interesada, la imposición de sanciones debe ser, en primer término, al abogado de la parte, y que si ello no produce efectos positivos, entonces *"procederá la imposición de la severa sanción de la desestimación ... tan solo después que la parte haya sido debidamente ... apercibida de la situación"*. *Maldonado v. Srio. de Rec. Naturales*, 113 D.P.R. 494, 498 (1982). Véanse: *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 D.P.R. 664 (1989); *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807 (1986). Ello no sucedió aquí, y no vemos por qué esta bien fundamentada norma no aplique también en el proceso apelativo. (Énfasis suplido.) *López Rivera v. Rivera Díaz*, ante, pág. 199.

---

[2] Disintieron los Jueces Asociados Señores Negrón García y Corrada Del Río.

En *Soc. de Gananciales v. García Robles*, 142 D.P.R. 241 (1997), nuevamente divididos,([3]) resolvimos que había incurrido en "abuso de discreción" el Tribunal de Circuito de Apelaciones *al desestimar* un recurso de apelación, en un caso civil, por no haber el apelante presentado oportunamente una exposición narrativa de la prueba a pesar de que los señalamientos de error, por él hechos, iban dirigidos a impugnar la apreciación de la prueba testifical que había realizado el tribunal de instancia. Al así actuar, expresamos:

> Debemos determinar si abusó de su discreción el Tribunal de Circuito de Apelaciones al desestimar un recurso de apelación por el apelante no haber presentado una exposición narrativa de la prueba oral desfilada ante el Tribunal de Primera Instancia. Varias consideraciones sostienen nuestra decisión. *Primero, debemos tener presente los propósitos que quiso alcanzar el Legislador al crear el Tribunal de Circuito de Apelaciones mediante la aprobación de la Ley de la Judicatura de Puerto Rico de 1994.* Segundo, debemos también considerar la filosofía que ha permeado la reglamentación sobre los mecanismos diseñados para presentar al tribunal apelativo la prueba desfilada ante el tribunal de instancia y el efecto que sobre la misma tendría la decisión del Tribunal del Circuito de Apelaciones. *Tercero, hay que reconocer los efectos que han tenido sobre la profesión legal los frecuentes y profundos cambios introducidos a nuestro sistema de justicia apelativa durante los últimos cuatro (4) años.* Cuarto, debemos sostener el *principio cardinal* que ha animado en el pasado nuestras decisiones sobre la *resolución judicial* de las controversias, *en cuanto hemos reiterado el interés de que las mismas sean atendidas en sus méritos.* Además, debemos estimular que las partes que comparezcan ante el Tribunal de Circuito de Apelaciones cumplan adecuadamente con los requisitos que impone su Reglamento, de forma que se le imparta certeza a sus gestiones y celeridad a sus procedimientos. El análisis de la controversia que se nos presenta, a la luz de las consideraciones esbozadas, *nos lleva, en esencia, a realizar un balance de intereses*: por un lado debemos analizar el interés de los litigantes, avalado por legislación, de que las decisiones emitidas por el Tribunal de Primera Instan-

---

([3]) El Juez Asociado Señor Negrón García disintió. El Juez suscribiente no intervino.

cia, en casos originados allí, puedan ser revisadas en apelación por un tribunal colegiado; y, por el otro lado, considerar el interés de promover el adecuado funcionamiento del Tribunal de Circuito de Apelaciones. *El producto de este balance debe asegurar la atención justa, rápida y económica de las controversias que se presentan ante dicho foro.* Estos elementos siempre han caracterizado nuestro sistema de adjudicación. *Nuestras decisiones deben armonizar estos elementos, no contraponerlos.* (Énfasis suplido.) *Soc. de Gananciales v. García Robles,* ante, págs. 244-245.

En *Prog. Salud N. v. Prog. Salud S. Lucas,* 142 D.P.R. 270 (1997), nuevamente revocamos al Tribunal de Circuito de Apelaciones, *por entender que éste no había actuado con flexibilidad,* al ordenar la devolución de una transcripción de la prueba, que obraba en autos, por no haber acreditado el recurrente la necesidad de perfeccionar el recurso mediante una transcripción.

Apercibido el Tribunal de Circuito de Apelaciones de todas esas advertencias sobre la *"debida flexibilidad"* con que venía obligado a interpretar su Reglamento, dicho foro apelativo intermedio —en *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 D.P.R. 651 (1997)— acogió un recurso de *certiorari* que había sido radicado por el referido Municipio once (11) días después de haberse cumplido el plazo de treinta (30) días, de cumplimiento estricto, que tenía dicha parte para radicar su recurso de *certiorari.* En esta ocasión, contrario a las anteriores, revocamos al Tribunal de Circuito por haber sido muy flexible.

Un análisis de la opinión mayoritaria emitida en el caso que hoy ocupa nuestra atención —*el cual, dicho sea de paso, es totalmente distinguible del de Bco. Popular de P.R. v. Mun. de Aguadilla, ante*— en unión a los casos antes reseñados nos trae a la mente la frase popular de "palo *si* boga y palo si *no* boga". Este Tribunal ha fallado malamente al no establecer, ni señalarle, una *norma clara* al Tribunal de Circuito de Apelaciones que los integrantes de

ese foro judicial puedan seguir en la interpretación de las disposiciones de su Reglamento.

### III

En el presente caso se trata, repetimos, del incumplimiento con un requisito excusable. La parte peticionaria —contrario al caso *Bco. Popular de P.R. v. Mun. de Aguadilla*, ante— acudió *en tiempo* ante el Tribunal de Circuito de Apelaciones. Es cierto que falló en notificar a la Secretaría del Tribunal de Primera Instancia. Sin embargo, esta es una situación que —nuevamente, contrario al caso *Bco. Popular de P.R. v. Mun. de Aguadilla*, ante— *no* afecta la jurisdicción en sí del Tribunal de Circuito de Apelaciones.

Ante un planteamiento de prescripción —el cual, repetimos, afecta la jurisdicción del tribunal de instancia para ver el caso— y ante la posibilidad real de que el no resolver ese planteamiento pueda causar en el futuro el malgasto de recursos, tiempo y dinero, el Tribunal de Circuito de Apelaciones procedió —*a nuestro parecer con gran juicio y sensatez*— a acoger el recurso y resolver, en los méritos, el planteamiento de prescripción. Esa situación —la de evitar el gasto innecesario de fondos, recursos y tiempo— incluso podría considerarse, repetimos, como la "justa causa" para actuar con flexibilidad, excusar el incumplimiento del requisito en controversia y acoger el recurso y resolverlo en sus méritos.

Venimos, *todos*, en la obligación de velar por el establecimiento de un "balance de intereses", el cual asegure "la atención justa, rápida y económica de las controversias que se presentan" ante el Tribunal de Circuito de Apelaciones y ante este Tribunal. Véase *Soc. de Gananciales v. García Robles*, ante, pág. 245. A menos que lo expresado por este Tribunal en los casos recientes citados sea "letra muerta", el incumplimiento aquí en controversia *no* amerita la *drás-*

*tica sanción* de la desestimación. Sobre todo, resulta ser *inconcebible* que este Tribunal, *dados los hechos particulares del presente caso*, califique la acción tomada en el mismo por el Tribunal de Circuito de Apelaciones como un "abuso de discreción".

En conclusión, lo procedente a nuestro juicio sería expedir el recurso radicado por la peticionaria Arriaga Rivera y resolver, en los méritos y de una vez y por todas, el planteamiento de prescripción que ha levantado el Fondo del Seguro Estado.

Ese, en nuestro criterio, es el curso de acción a seguir. *No debemos propiciar soluciones fútiles.*