Bajandas Vélez, Jueza Ponente
TEXTO COMPLETO DE LA RESOLUCION
Comparece ante nos Bus Shelters Interamericana SA, Inc. (BSI) mediante recurso de Certiorari presentado el 7 de abril de 2003. En el mismo nos solicita que revoquemos la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 5 de marzo de 2003 y notificada el 6 de marzo de 2003. En dicha resolución, el TPI concluyó que no procedía la desestimación de la demanda de epígrafe acorde con la doctrina de cosa juzgada en sus modalidades de impedimento colateral por sentencia y fraccionamiento de la causa de acción.
Evaluados cuidadosamente los planteamientos de las partes y la resolución recurrida, resolvemos denegar el recurso de Certiorari solicitado.
I
Según los hechos determinados por el TPI, la demandante Vanessa Bayonet (Sra. Bayonet) trabajó para BSI desde 1983, primero como secretaria y luego como asistente administrativo. Mientras se desempeñó en dichas posiciones devengó un salario mensual. El 15 de marzo de 1985, las partes suscribieron un acuerdo en el cual la Sra. Bayonet comenzó a trabajar como representante de ventas de BSI. Su función en dicha posición consistió en vender espacios para anuncios de publicidad para beneficio de la peticionaria. La recurrida continuó recibiendo un salario por su trabajo administrativo y comisiones por las ventas de anuncios. El 31 de enero de 1996, BSI decidió que la Sra. Bayonet se desempeñara exclusivamente como vendedora, relevándola del trabajo administrativo. Para ese entonces, la recurrida se desempeñaba como contratista independiente, exclusivamente devengando comisiones por las ventas. El 9 de octubre de 2001, la peticionaria prescindió de los servicios de la recurrida.
El 12 de febrero de 2002, la Sra. Bayonet presentó ante el TPI una querella contra BSI bajo el procedimiento sumario establecido en la Ley Núm. 2 de 17 de octubre de 1961 (Ley Núm. 2), 32 L.P.R.A. 3118 et seq. Alegó que había sido despedida sin justa causa, por lo que solicitó indemnización al amparo de la Ley Núm. 80 de 30 de mayo de 1976 (Ley Núm. 80), 29 L.P.R.A. 185a, et seq. BSI contestó la querella y adujo, *763 entre otras defensas, que la querellante había actuado como una contratista independiente y que así había sido compensada. Expuso, en la alternativa, que existió justa causa para el despido. Apéndice de la Peticionaria, pág. 15.
Posteriormente, el 25 de abril de 2002, la Sra. Bayonet presentó una moción solicitando el desistimiento con perjuicio de la querella. El TPI dictó sentencia el 16 de mayo de 2002, la que fue archivada en autos el 4 de junio de 2002, en la cual ordenó el archivo con perjuicio del caso. 
El 25 de abril de 2002, la recurrida presentó ante el TPI una demanda sobre cobro de dinero en contra de BSI en la que reclamó el pago de $500,000.00 por concepto de comisiones devengadas y no pagadas. La peticionaria contestó la demanda el 9 de julio de 2002. Levantó como defensas, entre otras, el impedimento colateral por sentencia y el fraccionamiento de la causa de acción. Además, reconvino por difamación e interferencia torticera con contratos y/o clientes de la demandada. Apéndice de la Peticionaria, págs. 3-4.
Así las cosas, el 22 de octubre de 2002, BSI presentó una Moción de Desestimación en la que planteó, en síntesis, que existió un fraccionamiento de la causa de acción entre la querella desistida y la demanda. Apéndice de la Peticionaria, págs. 8-11. En particular, expuso que cuando la Sra. Bayonet desistió con perjuicio de su querella por despido injustificado, ello también se extendió al cobro de las comisiones devengadas. Sostuvo BSI que la nueva acción de cobro estaba disponible durante el pleito inicial por despido injustificado, por lo que tanto la querella como la demanda versaban sobre una misma causa de acción.
Mediante Resolución de 5 de marzo de 2003, notificada el 6 de marzo de 2003, el TPI declaró no ha lugar la desestimación solicitada. Concluyó, en síntesis, que la causa de acción de cobro de dinero es una independiente que no podía ser acumulada con una reclamación bajo la Ley Núm. 80 en un procedimiento sumario, por lo que no era de aplicación la figura del fraccionamiento de la causa de acción.
Inconforme, BSI instó la Petición de Certiorari de autos el 7 de abril de 2003. Señaló que:

“ERRO EL HONORABLE TRIBUNAL DE INSTANCIA AL RESOLVER QUE LA RECLAMACION DE LA DEMANDANTE EN ESTE CASO ES UNA INDEPENDIENTE DE LA QUE RADICO BAJO PROCEDIMIENTO SUMARIO Y QUE POR ELLO NO APLICAN LAS FIGURAS DE FRACCIONAMIENTO DE CAUSA DE ACCION Y DE IMPEDIMENTO COLATERAL POR SENTENCIA. ’’

Argüyó, en esencia, que existe identidad de causas de acción entre la querella desistida y la demanda de cobro de comisiones. Petición de Certiorari, pág. 12. En razón de ello, entiende que el TPI erró al negarse a desestimar la demanda.
El 29 de abril de 2003, concedimos a la recurrida veinte (20) días para que expusiera su posición respecto al recurso presentado. El 27 de mayo de 2003, la recurrida presentó una Moción de Desestimación en la que argüyó que carecíamos de jurisdicción sobre el recurso debido a que la peticionaria no había incluido en el Apéndice del recurso una copia de la Oposición a la Moción de Desestimación que presentó la recurrida ante el TPI. Ese mismo día, la recurrida también presentó una Moción en Cumplimiento de Orden en la que señaló que la causa de acción de la querella y de la demanda eran diferentes, por lo que no procedía la defensa de cosa juzgada en su modalidad de fraccionamiento de causa de acción. Moción en Cumplimiento de Orden, págs. 2-3. Acompañó con dicha moción,, una copia de su Oposición a la Moción de Desestimación.
El 5 de junio de 2003, BSI se opuso a la moción de desestimación. Alegó, en esencia, que los documentos necesarios para atender el error planteado en el recurso de Certiorari, y que acreditan la jurisdicción del tribunal, estaban incluidos en el Apéndice del recurso, por lo que no procedía la desestimación solicitada. Oposición a Moción de Desestimación Por Falta de Jurisdicción, pág. 3.
*764 Siendo una cuestión de umbral, atenderemos primeramente el señalamiento jurisdiccional.
II
Es norma reiterada que los abogados están obligados a cumplir fielmente el trámite prescrito en nuestro Reglamento para el perfeccionamiento de los recursos. Arriaga v. FSE, 145 D.P.R. 122, 130 (1998). El Reglamento de este tribunal establece, como requisito jurisdiccional de todo recurso, la presentación de un Apéndice que contenga copias literales de los documentos esenciales para sustentar el recurso. Respecto a los Certiorari, la Regla 34E(1) (a) (1) de nuestro Reglamento dispone en su parte pertinente que en casos civiles deberá incluirse una copia literal de “... la demanda principal, la de coparte o de tercero(a) y reconvención, con sus respectivas contestaciones;... ”. También requiere en su inciso (d) que se una "... toda moción o escrito de cualquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, que sea relevante a ésta”. 4 L.P.R.A. Ap. XXII-A, R. 34.
En Codesi v. Municipio de Canóvanas, Opinión de 24 de marzo de 2000, 2000 J.T.S. 61, 150 D.P.R. _ (2000), el Tribunal Supremo resolvió que la omisión de incluir los anteriores documentos en el Apéndice acarrea la desestimación del recurso.
No empece a lo anterior, más adelante en Andrés Román Velázquez v. Andrés Román Hernández, 2002 J.T.S. 132, el Tribunal Supremo resolvió que: “[c]omo regla general, el mecanismo procesal de la desestimación como sanción debe utilizarse como último recurso. Por consiguiente, cuando el Tribunal [de Circuito de Apelaciones] utiliza dicho mecanismo procesal en casos de incumplimiento con su Reglamento, debe cerciorarse primero que el incumplimiento haya provocado un impedimento real y meritorio para que el Tribunal pueda atender el caso en los méritos. ”
Considerados los escritos de las partes, concluimos que la omisión de la peticionaria de incluir la Oposición a la Moción de Desestimación en el Apéndice no constituye un impedimento real para que este foro ejerza su función revisora. La propia parte recurrida incluyó el aludido escrito en su comparecencia de 27 de mayo de 2003, por lo que la omisión ha sido curada. Este tribunal puede atender el recurso adecuadamente, aun sin el beneficio de la mencionada oposición, pues obra en el Apéndice para nuestro análisis la fundamentada Resolución del TPI que se cuestiona en este recurso.
Por lo antes expuesto, se declara no ha lugar la desestimación del recurso según solicitada por la recurrida. Ahora, pasemos a atender la Petición de Certiorari.
III
Como se sabe, la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, en su Artículo 4.002 (f), 4 L.P.R.A. see. 22 k (f), establece que el Tribunal de Circuito de Apelaciones conocerá entre otros asuntos:
“(f) Mediante auto de certiorari expedido a su discreción, de cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia.... ”. (Enfasis nuestro). 
El caso de autos nos brinda la oportunidad de considerar varios de los criterios que han de guiar nuestra discreción en cuanto a la expedición de un auto de Certiorari. Dichos criterios se hallan detallados en la Regla 40 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, la cual reza, en lo pertinente, como sigue:
El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

*765
(A) Si el remedio y la disposición de la decision recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. ”

Analizados los argumentos esbozados por la peticionaria, procede denegar el recurso. El mismo no contiene ninguno de los aludidos fundamentos que nos muevan a concluir que la decisión recurrida sea contraria a derecho.
Un sencillo examen de las alegaciones de la querella desistida vis á vis aquéllas incluidas en la demanda de cobro de comisiones refleja que cada una incluye una causa de acción distinta de la Sra. Bayonet dirigida a BSI. En la querella se trataba de un despido injustificado al amparo de la Ley Núm. 80 tramitado bajo el procedimiento expedito de la Ley Núm. 2. En la misma subyacía la premisa de que la querellante tenía una relación de empleada con su patrono.
Por el contrario, la demanda instada el 25 de abril de 2002 se fundamenta en que la Sra. Bayonet es una contratista independiente que reclama de BSI el pago de cierta cantidad de dinero únicamente por concepto de comisiones. Esta demanda de cobro de dinero se está tramitando por el procedimiento establecido por las Reglas de Procedimiento Civil para un pleito civil ordinario.
De este modo, el desistimiento con perjuicio de la querella al amparo de la Ley Núm. 2 extinguió únicamente la acción de despido injustificado. En manera alguna, puede inferirse que éste se extendió a la reclamación por comisiones de la recurrida como contratista independiente. Por ende, el desistimiento con perjuicio no constituyó impedimento colateral para el pleito de cobro de dinero. Notamos que el asunto relativo a las comisiones fue traído al caso incoado al amparo de la Ley Núm. 2 por la propia peticionaria al alegar en su contestación a la querella que la recurrida era una contratista independiente. Apéndice de la Peticionaria, págs. 15-16.
Concluimos que el asunto planteado por la peticionaria no necesita consideración más detenida de este foro. El TPI está atendiendo el caso KCD02-0268 en forma diligente y acorde a derecho. El recurso no configura un fracaso de la justicia que requiera nuestra intervención en esta etapa de los procedimientos.
IV
Por los fundamentos anteriores, se deniega la expedición del auto de Certiorari solicitado.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
*766 Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2004 DTA 15
1. Vanessa Bayonet v. Bus Shelter Interamericana SA, Inc., Caso Civil Núm. KPE-02-0338.
2. Vanessa Bayonet v. Bus Shelter Interamericana SA, Inc., Caso Civil Núm. KCD-02-0268.
3. Por su parte, la Ley de la Judicatura de 2003, Ley Núm. 201 de 22 de agosto de 2003, en su Art. 4.006 dispone que:

“El Tribunal de Apelaciones conocerá de los siguientes asuntos:

(b) Mediante auto de Certiorari expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia... ”. (Enfasis en el original.)
4. Adviértase que en A&P Contractors v. Asociación Caná, 110 D.P.R. 753, 762 (1981), se dijo: la figura jurídica ‘impedimento colateral por sentencia’, ... surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final. Como resultado, tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas (citas omitidas)”. (Enfasis en el original.) En el caso ante nos, la sentencia dictada no fue el producto de la dilucidación de hechos debido a que la misma únicamente aprobó el desistimiento con perjuicio de la querella que solicitó la demandante. Véase además Norma Meléndez v. Edwin García, 2002 J.T.S. 127, págs. 206-207, respecto a que “[l]a doctrina de cosa juzgada no debe aplicarse inflexiblemente especialmente cuando al hacerlo se desvirtúan los fines de la justicia, produce resultados absurdos o cuando se plantean consideraciones de interés público. (Casos omitidos.) En el caso de autos, no procedía la aplicación ni de la doctrina de cosa juzgada, ni de la doctrina de impedimento colateral por sentencia... ”. Pág. 207