Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| YDASHIA ENID QUEVEDO PADUA<br><br>Recurrida<br><br>v.<br><br>JAIME LUIS FRONTERA TACORONTE<br><br>Peticionario | TA2025AP00172[1] | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm. OPA202553525<br><br>Sobre:<br>Ley 54 |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de noviembre de 2025.

### I.

El 27 de julio de 2025, el señor Jaime Luis Frontera Taraconte (peticionario) presentó una petición de *certiorari* en la que solicitó que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Municipal de Arecibo (TPI o foro primario), el 30 de junio de 2025, notificada y archivada en autos el 2 de julio de 2025.[2] Mediante dicho dictamen, el TPI declaró No Ha Lugar la solicitud de desestimación presentada por el peticionario. Además, el foro primario aclaró que la Moción de Non Suit había sido declarada No Ha Lugar en la vista celebrada.

Junto al recurso, el peticionario presentó una *Moción urgente para que se autorice transcripción* en la que solicitó que

---

[1] Aunque el caso fue asignado por la Secretaria con la nomenclatura de *Apelación,* se acoge el recurso como *Certiorari* toda vez que se recurre de una determinación interlocutoria, siendo este el recurso adecuado como bien lo presentó el peticionario.

[2] Véase entrada núm. 2 del Apéndice del Recurso en el en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).

autorizáramos la transcripción de las vistas de orden de protección *ex parte* y el inicio de la vista final para conformar el recurso.[3]

El 19 de agosto de 2025, emitimos una *Resolución* en la que concedimos al peticionario hasta el **20 de septiembre de 2025** para presentar la Transcripción estipulada de la prueba oral (TPO) desfilada ante el TPI. Allí indicamos que, una vez presentada la TPO estipulada, calendarizaríamos el trámite procesal siguiente.[4]

El 12 de septiembre de 2025, la Lcda. Myrna Vázquez González, representante legal del peticionario, presentó una *Moción Urgente para que se autorice transcripción*, en la que solicitó que autorizáramos la transcripción de las vistas de orden de protección *ex parte* y el inicio de la vista final, idéntica a la moción que previamente presentó. [5]

Ese mismo día, la Lcda. Myrna Vázquez González, representante legal del peticionario, presentó una *Moción sobre renuncia a la representación legal.*[6]

El 19 de septiembre de 2025, emitimos una *Resolución* en la que autorizamos el relevo de la representación legal del peticionario y le concedimos a éste hasta el **1 de octubre de 2025** para que anunciara nueva representación.[7] Además, le concedimos hasta el **15 de octubre de 2025** para presentar la TPO estipulada.

El 29 de septiembre de 2025, la Lcda. Myrna Vázquez González presentó una *Moción sobre notificación incorrecta al peticionario,* en la que informó que la Resolución del 19 de septiembre de 2025 había sido notificada, mediante correo electrónico, a una dirección incorrecta del peticionario.[8]

---

[3] Íd., entrada núm. 2.
[4] Íd., entrada núm. 3.
[5] Íd., entrada núm. 4.
[6] Íd., entrada núm. 5.
[7] Íd., entrada núm. 6.
[8] Íd., entrada núm. 7.

Ese mismo día, emitimos una *Resolución* en la que ordenamos a la Secretaría de este Tribunal notificar la Resolución del 19 de septiembre de 2025 a la dirección correcta del peticionario, según notificada por la Lcda. Myrna Vázquez González.[9]

En vista de que la Resolución del 19 de septiembre de 2025 fue re-notificada a la dirección correcta del peticionario, según informada por su entonces representación legal y en ausencia de su cumplimiento, el 15 de octubre de 2025, emitimos una *Resolución* en la que concedimos al peticionario hasta el **30 de octubre de 2025**, como término final, para cumplir con lo allí ordenado. Advertimos que, de persistir el incumplimiento, se desestimaría el caso.[10]

Transcurrido el término concedido al peticionario para cumplir con lo ordenado, sin que lo hiciera, procedemos a resolver.

**II.**

Según surge del expediente ante nuestra consideración, el 19 de febrero de 2025, la señora Ydashia Quevedo Padua (recurrida) solicitó una Orden de protección ex parte en contra del peticionario al amparo de la *Ley para la Prevención e Intervención con la Violencia Domestica*, Ley Núm. 54 del 15 de agosto de 1989, según enmendada, 8 LPRA sec. 601 *et seq.*[11]

Posteriormente, el 27 de marzo de 2025, el peticionario presentó una *Moción Urgente en Solicitud de Desestimación* en la que arguyó que la recurrida pretende obtener por medio de la petición de orden de protección remedios sobre asuntos que son atendidos y propios de la Sala Superior del TPI.[12]

Tras varios trámites procesales, que incluyeron la extensión de la orden de protección *ex parte,* el 30 de junio de 2025 el TPI

---

[9] Íd., entrada núm. 8.
[10] Íd., entrada núm. 16.
[11] Véase entrada núm. 1 del Apéndice del recurso en SUMAC-TA.
[12] Íd., entrada núm. 7.

emitió una *Orden* en la que declaró No Ha Lugar la desestimación solicitada por el peticionario.[13]

Inconforme, el 27 de julio de 2025, el peticionario acudió a este foro apelativo e hizo los siguientes señalamientos de error:

> Error A - Incurrió en error manifiesto el TPI al aquilatar la prueba en forma arbitraria, la cual no representa el balance más racional, justiciero y jurídico de la totalidad de la prueba presentada y denegar la Solicitud de Desestimación *Non Suit* del peticionario a pesar de que la recurrida no probó los motivos suficientes que se requieren para expedir una orden de protección, abusando de su discreción y actuando con prejuicio y parcialidad.
>
> Error B - Abusó de su discreción el TPI al permitir prueba sobre hechos remotos, otra no anunciada y limitar los testigos de impugnación que podía presentar el peticionario.
>
> Error C - Erró el TPT al impedir al peticionario descubrir prueba a su favor en violación a su derecho a un debido proceso de ley en cuanto al informe de la policía que documenta la investigación que se realizó sobre los mismos hechos que se plantean en la solicitud de orden de protección y al que la peticionaria se refiere en la petición.

### III.

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. *Fuentes Bonilla v. ELA,* 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la

---

[13] Íd., entrada núm. 2.

controversia. ***Mun. de San Sebastián v. QMC Telecom,*** 190 DPR 652, 660 (2014).

Entre las razones que privan a los tribunales de asumir jurisdicción sobre un asunto, resalta el incumplimiento por la parte promovente con las reglas referentes al perfeccionamiento del recurso. Ante un incumplimiento de este tipo, el derecho procesal apelativo autoriza que se desestime un recurso. ***Arriaga v. F.S.E.***, 145 DPR 122, 129-130 (1998). El cumplimiento con el Reglamento del Tribunal de Apelaciones, según enmendado, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 42, 215 DPR __ (2025), no puede soslayarse injustificadamente. Íd., pág. 130.

A su vez, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83(C), también faculta a esta Curia a, por iniciativa propia, desestimar un recurso por diversos motivos, entre ellos: (1) porque el Tribunal de Apelaciones carece de jurisdicción; (2) porque fue presentado fuera del término de cumplimiento estricto dispuesto sin que exista justa causa; y (3) porque no se ha presentado o proseguido con diligencia o de buena fe.

**IV.**

Tras un análisis objetivo, sereno y cuidadoso del expediente y a la luz del Reglamento del Tribunal de Apelaciones, *supra,* resolvemos que debemos desestimar el recurso por falta de su perfeccionamiento. La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, nos permite desestimar un recurso cuando en el mismo no se ha proseguido con diligencia, como resulta en el caso de marras.

De conformidad con la Regla 76 del Reglamento del Tribunal de Apelaciones, *supra*, R. 76, damos por renunciado los señalamientos de error del recurso toda vez que dependen totalmente de una evaluación de la prueba oral que el peticionario, a pesar de las múltiples oportunidades concedidas, y advertencias

realizadas, no nos proveyó. Por lo cual, entendemos que lo anterior constituye una renuncia voluntaria al reclamo del peticionario, pues no nos puso en posición de entender en el mismo. El **19 de agosto de 2025** emitimos la primera Resolución concediendo término al peticionario para presentar la TPO, pues en su recurso señaló errores sobre la apreciación de la prueba por el TPI. Posteriormente, le concedimos términos adicionales para presentar la misma y se le advirtió la consecuencia que tendría el no cumplir con lo ordenado. Al día de hoy, el peticionario no ha cumplido, lo que nos imposibilita el poder ejercer nuestra función revisora.

**V.**

Por los fundamentos pormenorizados, se *desestima* sin perjuicio, el recurso de *Certiorari* de epígrafe.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones