Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>LUIS MATEO RIVERA<br><br>Peticionario | KLCE202301306 | *Certiorari* Procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Sobre: Tent. Art. 109/ Agresión grave<br><br>Caso Núm.: CVI2021G0013 |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de diciembre de 2023.

Examinado el recurso de *certiorari* presentado, procedemos a **denegar** el mismo. **Veamos.**

**-I-**

El **21 de noviembre de 2023**, el confinado *Luis Mateo Rivera* (Mateo Rivera o peticionario) acudió ante este tribunal apelativo por derecho propio. Mediante la presente petición de *certiorari*, nos solicita la revisión de la *Resolución* dictada el 26 de octubre de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI). En la aludida resolución, se declaró *No Ha Lugar* la reconsideración solicitada por el peticionario.

En un esfuerzo por comprender la solicitud que nos hace el peticionario, parece que nos solicita la modificación de la pena que le fue impuesta por habérsele encontrado culpable por infringir el Artículo 3.1 de la Ley Núm. 54 y el Artículo 6.06 de la Ley de Armas.

---

[1] Notificada el 30 de octubre de 2023.

Su petición se fundamenta en virtud de los Artículos 71 y 72 del Código Penal de Puerto Rico.[2]

Sin embargo, notamos que el recurso presentado por Mateo Rivera no contiene una relación fiel de hechos procesales ni materiales, no hace señalamientos de error alguno, ni argumentación de derecho. Advertimos, además, que su recurso estuvo acompañado de un apéndice incompleto.

**-II-**

La Regla 34 (A) (1), (C)(1) y (E) del Reglamento del Tribunal de Apelaciones, dispone qué contendrá la solicitud de *certiorari* en cuanto al cuerpo y el apéndice:

> *(A) Cubierta*
> *(1) Epígrafe*
> *El epígrafe del escrito de certiorari contendrá el nombre de todas las partes en el orden en que aparecían en el Tribunal de Primera Instancia y se les identificará como "parte peticionaria" y "parte recurrida".*
> *(C) Cuerpo*
> *(1) Toda solicitud de certiorari contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:*
> *(a) En la comparecencia, el nombre de las partes peticionarias.*
> *(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.*
> *(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente, la Sala del Tribunal de Primera Instancia que la dictó; la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari; además, se especificará cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.*
> *(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.*
> *(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.*
> *(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.*
> *(g) La súplica.*
> *[…]*
> *(E) Apéndice*
> *(1) Salvo lo dispuesto en el sub inciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:*
> *(a) Las alegaciones de las partes, a saber:*
> *(i) en casos civiles: la demanda principal, la de coparte o de tercer y reconvención, con sus respectivas contestaciones;*
> *(ii) […]*

---

[2] Ley Núm. 146 de 30 de Julio de 2012, según enmendada, conocida como el *"Código Penal de Puerto Rico" de 2012*, 33 LPRA secs. 5104 – 5105.

*(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.*
*(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.*
*(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta.*
*(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.*
*[…].* [3]

El Tribunal Supremo ha señalado reiteradamente que las disposiciones reglamentarias sobre los recursos que se presentan ante el Tribunal de Apelaciones ***deben observarse.***[4] De igual modo, las partes están ***obligadas*** a cumplir fielmente el trámite prescrito en las correspondientes leyes y reglamentos aplicables al proceso de perfeccionamiento de los recursos y ***no puede quedar a su arbitrio decidir qué disposiciones reglamentarias deben acatarse y cuándo.***[5] Todavía más, una parte no puede utilizar como subterfugio su comparecencia ***por derecho propio*** para incumplir con las normas procesales en cuanto a la presentación y perfeccionamiento de los recursos.[6]

En consecuencia, el ejercicio de la función revisora de los tribunales está gobernado por doctrinas de autolimitación, entre las cuales se encuentra la doctrina de justiciabilidad. Recordemos que dicha doctrina, —en síntesis— persigue evitar emitir decisiones en casos que realmente no existen o dictar una sentencia que no tendrá efectos prácticos sobre una controversia. En otras palabras, los tribunales existen para atender casos que planteen ***controversias***

---

[3] 4 LPRA Ap. XXII-B, R. 34 (A) (1), (C)(1) y (E). Énfasis nuestro.
[4] *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Arriaga v. FSE*, 145 DPR 122, 129-130 (1998). Énfasis nuestro.
[5] *Id.* Énfasis nuestro.
[6] *Febles v. Romar*, 159 DPR 714 (2003).

*reales, o sea que sean justiciables.*[7] Así pues, la Regla 83(C) del Reglamento del Tribunal de Apelaciones nos autoriza por iniciativa propia a denegar un auto discrecional cuando *claramente no se ha presentado una controversia sustancial.*[8]

**-III-**

En la petición de *certiorari* presentada se puede inferir que el peticionario cuestiona su pena, ya que, según su entender la sentencia impuesta excede la establecida por ley. Sin embargo, cuando una pena se impone de manera consecutiva con otra, no se impone la pena del delito más grave, al contrario, se debe cumplir una pena con posterioridad a la otra.

Por otro lado, el peticionario no ha provisto información que nos coloque en posición de adjudicar su recurso, puesto que no hace una relación fiel de los hechos, ni señalamientos de error adecuado ni argumentación en derecho que nos mueva a identificar cuál es la controversia que debemos atender. Tampoco incluyó un apéndice completo en apoyo a su solicitud. Por lo que, nos encontramos ante un recurso que, a todas luces, no es justiciable.

En consecuencia, nos vemos obligados a **denegar** la presente petición de *certiorari*.

**-IV-**

Por los fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] *CEE v. Dpto. de Estado*, 134 DPR 927, 934-935 (1993); *Asoc. De Periodistas v. González*, 127 DPR 704, 717 (1991). Énfasis nuestro. Citas omitidas.
[8] 4 LPRA Ap. XXII-B, R. 83(C).