Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| INMOBILIARIA GALIANI, INC.<br><br>Apelante<br><br>v.<br><br>LUMA ENERGY, INC.<br><br>Apelada | KLAN202400010 | Apelación Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Núm.: SJ2023CV04109<br><br>Sobre: Incumplimiento de contrato, Daños y perjuicios |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de febrero de 2024.

Comparece la parte demandante-apelante, Inmobiliaria Galiani, Inc. (¨apelante¨ o ¨Inmobiliaria Galiani¨) mediante recurso de *Apelación Civil* y solicita que revoquemos una *Sentencia* del Tribunal de Primera Instancia, Sala de San Juan (¨TPI¨) dictada el 12 de octubre de 2023 y notificada el 18 de octubre de 2023. Mediante el referido dictamen, el TPI desestimó una Demanda presentada por la parte apelante.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

**I.**

El 5 de mayo de 2023 Inmobiliaria Galiani presentó una *Demanda* sobre incumplimiento de contrato en contra de LUMA Energy, Inc. (¨apelada¨ o ¨LUMA¨). Inmobiliaria Galiani sostuvo que es la propietaria de un inmueble localizado en 122 Avenida Eleanor Roosevelt, San Juan, Puerto Rico. Alegó que sobre dicho inmueble pesa un derecho real de servidumbre predial a favor de la Autoridad

de Energía Eléctrica ("AEE"), hoy en manos de la apelada. Además, señaló que existe un contrato entre las partes para el suministro de servicio eléctrico.

Luego de varios trámites procesales, que no son necesarios pormenorizar, el 17 de julio de 2023, LUMA presentó una *Moción de Desestimación*. Alegó que el TPI carecía de jurisdicción para dilucidar la controversia. Así las cosas, el 18 de octubre de 2023, el TPI emitió una *Sentencia* desestimando la Demanda presentada por falta de jurisdicción, bajo el supuesto de que el Negociado de Energía Eléctrica retenía jurisdicción primaria exclusiva para atender el asunto.

El 29 de octubre de 2023 Inmobiliaria Galiani presentó una *Moción de Reconsideración* solicitando que se revocara la Sentencia. LUMA presentó una *Oposición a Reconsideración* el 1 de diciembre de 2023. Posteriormente, el TPI emitió una *Orden* el 6 de diciembre de 2023 denegando la solicitud de reconsideración.

Inconforme, el 3 de enero de 2024, Inmobiliaria Galiani presentó un recurso de *Apelación Civil*. Solicitó que revoquemos la *Sentencia* del 18 de octubre de 2023. Realizó los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al resolver que el Negociado de Energía de Puerto Rico tiene jurisdicción primaria o exclusiva para resolver una controversia sobre incumplimiento contractual entre partes privadas y solicitud de adjudicación de daños.

> Erró el Tribunal de Primera Instancia al menoscabar las obligaciones contractuales entre apelante y apelada que emergen del contrato de servidumbre constituido en 1994, que obligan al proveedor de servicio eléctrico a proveer mantenimiento, reparación y operación adecuada del sistema eléctrico secundario creado.

> El Tribunal de Primera Instancia abusó de su discreción al darle la espalda al contrato de servidumbre constituido entre la apelante y el proveedor de servicio que establece claramente los derechos y las obligaciones entre las partes.

> El Tribunal de Primera Instancia violó el debido proceso de ley al hacer caso omiso de los derechos de la apelante emergentes del contrato de servidumbre constituido.

Erró el Tribunal de Primera Instancia al tratar a la apelante como un cliente que solicita un servicio nuevo del proveedor del servicio eléctrico y no como un nuevo cliente cuyos derechos se establecieron contractualmente con el proveedor de servicio eléctrico.

Erró el Tribunal de Primera Instancia al desestimar una demanda que presenta una reclamación plausible a tenor con la jurisprudencia local y federal.

El 19 de enero de 2024, este Tribunal emitió una *Resolución* concediéndole a LUMA un término de treinta (30) días para presentar su posición.

Seguidamente, el 25 de enero de 2023, Inmobiliaria Galiani presentó una *Moción Notificando Devolución por el Servicio Postal del Recurso de Apelaciones Presentado e Informando Subsanación.* En la referida moción informaron que habían intentado notificar a LUMA el 3 de enero de 2024, pero que el 19 de enero de 2024 el servicio postal devolvió el recurso notificado. Dicha devolución fue recibida el 23 de enero de 2024. Explicó que, al recibir de vuelta la notificación enviada, la parte apelante se percató de que la había enviado a una dirección incorrecta. Subsiguientemente, el 25 de enero de 2024, Inmobiliaria Galiani le envió a LUMA la notificación a la dirección correcta. La parte apelante solicitó de este Tribunal que los autorizáramos a subsanar la notificación defectuosa.

El 5 de febrero de 2024, LUMA presentó una *Solicitud de Desestimación por Falta de Notificación del Recurso de la Parte Demandada-Apelada.* Alegó que Inmobiliaria Galiani incumplió con la Regla 13 (B) del Reglamento de este Tribunal, al no notificar el recurso dentro del término dispuesto para la presentación del recurso apelativo.

Evaluadas los escritos de las partes y a la luz del derecho aplicable, resolvemos.

**II.**

### A. Jurisdicción

En reiteradas ocasiones nuestra Máxima Curia ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. (Citas omitidas). Así, nuestro Tribunal Supremo ha reafirmado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018).

Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group*, Inc., supra.

Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires. Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, confiere facultad a este Tribunal para a iniciativa propia o a petición de parte

desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

## B. Perfeccionamiento de los recursos apelativos

Como es sabido, ¨[l]a apelación en nuestro sistema no es automática; presupone una notificación, un diligenciamiento y su perfeccionamiento¨. *Morán v. Marti*, 165 DPR 356 (2005).

En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés*, 171 D.P.R. 250 (2007), *Arriaga v. F.S.E.*, 145 D.P.R. 122 (1998). Sobre el particular, nuestra más alta Curia ha expresado:

> El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. *Morán v. Marti, supra.*

La Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13 regula el trámite de presentación y perfeccionamiento de los recursos de apelación. A esos efectos, la Regla 13 (A) establece un término jurisdiccional de treinta (30) días para su presentación, contados desde el archivo en autos de la copia de la notificación de la sentencia emitida por el Tribunal de Primera Instancia. Por su parte, la Regla 13 (B) (1) dispone que la parte apelante deberá notificar el recurso apelativo dentro del término dispuesto para la presentación del recurso, siendo este uno de estricto cumplimiento.

En lo aquí pertinente, la Regla 13 (B) (3) claramente establece que la fecha de notificación a las partes será la que conste en el certificado postal como la fecha de su depósito en el correo.

Conforme lo anterior, ¨la falta de notificación a todas las partes en el litigio conlleva la desestimación del recurso de apelación. El recurso que no se notifica a todas las partes, priva de

jurisdicción al Tribunal para ejercer su facultad revisora. *González Pagán et al. v. SLG Moret-Brunet*, 202 DPR 1062 (2019). El Tribunal Supremo ha enfatizado que ¨los tribunales en nuestra jurisdicción carecen de discreción para prorrogar estos términos de manera automática¨. *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013).

En *García Ramis v. Serrallés, supra*, el Tribunal Supremo resolvió que los tribunales apelativos solo tenemos discreción para prorrogar un término de cumplimiento estricto cuando la parte que lo solicita demuestra justa causa para la tardanza. Sobre la justa causa han expresado que:

> [...] no es con vaguedades, excusas o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales. *Arriaga v. F.S.E., supra*.

Además, ¨[a]legaciones como [...] que el incumplimiento fue ¨involuntario¨, que ¨no se debió a la falta de interés¨, que no hubo ¨menosprecio al proceso¨, o de que ahora ¨existe un firme propósito de enmienda¨, no constituyen justa causa¨. *Íd.*

**III.**

Como Tribunal Apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado.

En el caso de autos, Inmobiliaria Galiani nos solicita que revoquemos la *Sentencia* emitida el 12 de octubre de 2023, notificada el 18 del mismo mes y año. Por su parte, el término de treinta (30) días para presentar un escrito de apelación fue interrumpido por la presentación de la *Moción de Reconsideración* el 29 de octubre de 2023. Dicho término comenzó nuevamente a transcurrir el 6 de diciembre de 2023 tras la notificación de la *Orden* declarando *No Ha Lugar* la reconsideración.

El 3 de enero de 2024, Inmobiliaria Galiani presentó un recurso de *Apelación* ante este Tribunal. Luego, el 23 de enero de 2024, advinieron en conocimiento de que, por inadvertencia, no habían logrado notificar a LUMA debido al envío de la notificación a una dirección incorrecta. El 25 de enero de 2024 intentaron subsanar su error al enviar la notificación a la dirección correcta. Como resultado, la notificación a la parte apelada se llevó a cabo el 25 de enero de 2024, fecha que consta en el certificado del envío postal.

Ese mismo día, la parte apelante nos solicitó que aceptáramos la subsanación del defecto en la notificación del escrito de apelación a la parte apelada. Según discutimos, la excusa de que el incumplimiento fue involuntario no constituye justa causa para permitir la prórroga del término. A falta de justa causa para la tardanza, los tribunales apelativos no tenemos discreción para prorrogar un término de cumplimiento estricto.

La Regla 13 del Reglamente del Tribunal de Apelaciones, *supra*, establece el término jurisdiccional de treinta (30) días para perfeccionar un recurso de apelación. En otras palabras, la parte apelante deberá presentar el escrito ante el Tribunal y notificarlo a las partes dentro del término. El incumplimiento con el referido término conlleva la desestimación del recurso, conforme a la Regla 83 de nuestro Reglamento, *supra*.

El término para perfeccionar el recurso y, en consecuencia, notificar a todas las partes venció el 5 de enero de 2024. No fue hasta veinte (20) días luego de la fecha en que venció el término para perfeccionar el recurso que la parte apelada fue notificada. Al así actuar, la parte peticionaria privó de jurisdicción a este Tribunal. Por consiguiente, estamos impedidos de atender, en los méritos, el presente recurso.

**IV.**

Por todo lo anterior, DESESTIMAMOS el recurso de *Apelación Civil* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones