Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| BILLY CRESPO RIVERA <br><br> Apelante <br><br> v. <br><br> LCDA. TERESITA RODRÍGUEZ RIVERA, en su capacidad como directora ejecutiva de la CIPA y otros <br><br> Apelados | KLAN202400138 | *Apelación* Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez <br><br> Sobre: *Mandamus* <br><br> Caso Núm.: MZ2023CV01525 (402) |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 19 de diciembre de 2024.

Comparece por derecho propio, el *Sr. Billy Crespo Rivera* (en adelante; "señor Crespo Rivera o apelante"). Solicita que revisemos la *Sentencia* emitida el 12 de diciembre de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante; "TPI"). Mediante dicho dictamen, el TPI acogió la solicitud de desestimación presentada por el *Negociado de la Policía de Puerto Rico* (en adelante; "NPPR") representado por el *Gobierno de Puerto Rico* (en adelante; "(Gobierno"). Pese a que el apelante solicitó la reconsideración del dictamen, el TPI mantuvo su posición.[2]

Evaluada la totalidad del expediente, **confirmamos** la *Sentencia* apelada. **Veamos.**

### -I-

De los escritos sometidos por el señor Crespo Rivera y el Gobierno,[3] surge que el **31 de agosto de 2023** el apelante presentó

---

[1] Notificada el 19 de diciembre de 2023.
[2] Emitida el 12 de enero de 2024 y notificada el 17 de enero de 2024.
[3] El *Gobierno de Puerto Rico* está representado por la *Oficina del Procurador General de Puerto Rico*.

un recurso por derecho propio bajo la Ley Núm. 141–2009, *Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública*.[4] Entre otros asuntos, solicitó que se ordenara al NPPR a dar cumplimiento con la *Resolución* emitida en el caso núm. AG2023CV00682.[5]

Por su parte, el Gobierno solicitó el **14 de febrero de 2023** la desestimación del recurso.[6] Adujo que el apelante utilizó incorrectamente el recurso disponible bajo la Ley Núm. 141–2009 e incumplió con los requisitos establecidos, todo con el propósito de que el TPI actuara sobre las determinaciones que realizó otro tribunal primario. Señaló, además que, el foro primario carecía de jurisdicción, dado que el apelante recurrió ante este Tribunal Apelativo mediante el recurso de revisión KLRX202300021.

Examinada la demanda y la solicitud de desestimación, el TPI emitió una *Sentencia* el **12 de diciembre de 2023**,[7] en la cual, acogió los planteamientos del Gobierno, y desestimó la acción instada.[8]

Inconforme, señor Crespo Rivera sometió una *Moción Solicitando Reconsideración* el **27 de septiembre de 2023**,[9] sin embargo, la misma fue declarada *No Ha Lugar* el **12 de enero de 2024**.[10]

Aun inconforme, el señor Crespo Rivera presentó el **16 de febrero de 2024** la apelación epígrafe, y señaló la comisión de los siguientes errores:

> **PRIMERO:** *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE MAYAGUEZ AL CONCLUIR Y*

---

[4] Cabe señalar que tomamos conocimiento judicial de las **Entradas 1, 13, 18 y 19** del caso MZ2023CV01525 en el *Sistema Unificado de Manejo de Casos* (SUMAC), dado que el apelante no sometió el Apéndice correspondiente al recurso.

[5] *Billy Crespo Rivera v. Negociado de la Policía de Puerto Rico*, AG2023CV00682 (206), *Resolución* de 18 de julio de 2023. *Véase, además*; Entrada Núm. 1 del caso MZ2023CV01525 en SUMAC.

[6] *Véase*; Entrada Núm. 13 del caso MZ2023CV01525 en SUMAC.

[7] Notificada el 19 de diciembre de 2023.

[8] *Véase*; Entrada Núm. 17 del caso MZ2023CV01525 en SUMAC.

[9] *Véase*; Entrada Núm. 18 del caso MZ2023CV01525 en SUMAC.

[10] Notificada el 17 de enero de 2024. *Véase*; Entrada Núm. 19 del caso MZ2023CV01525 en SUMAC.

*DETERMINAR QUE EL RECURSO HA SIDO PRESENTADO EXCLUSIVAMENTE CON EL PROPÓSITO DE SOLICITAR QUE EL TRIBUNAL ORDENE AL NEGOCIADO DE LA POLICÍA DE PUERTO RICO (NPR) A CUMPLIR CON LA RESOLUCION EMITIDA EL 18 DE JULIO DE 2023, POR OTRO TRIBUNAL EN EL CASO AG2023CV00682; Y QUE SE ESTÉ SOLICITANDO LA REVISIÓN DE UNA DETERMINACIÓN DE UN TRIBUNAL DE IGUAL JERARQUÍA, CUANDO LO CIERTO ES QUE LO QUE SE PRESENTÓ ANTE EL TRIBUNAL ES UN CASO DIFERENTE QUE IMPLICA AGENCIAS DEL GOBIERNO DISTINTAS.* [SIC]

**SEGUNDO:** *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE MAYAGUEZ AL ACOGER E INCORPORAR POR REFERENCIA LOS ARGUMENTOS Y EL DERECHO PRESENTADO POR EL ESTADO LIBRE ASOCIADO DE PUERTO RICO (ELA) EN LA MOCIÓN DE DESESTIMACIÓN PRESENTADA EL 14 DE SEPTIEMBRE DE 2023. NOS PREGUNTAMOS; ¿DÓNDE ESTÁ LA SERIEDAD, OBJETIVIDAD, DISCRECIÓN, TRANSPARENCIA Y SOBRE TODO LA INDEPENDENCIA JURÍDICA? AL REVISAR Y EVALUAR LOS CASOS ANTE LA CONSIDERACIÓN DEL TRIBUNAL CUNADO LOS IMPLICADOS SON FUNCIONARIOS EMPLEADOS PÚBLICOS DE ALTO PERFIL O JEFES DE GABINETE.* [SIC].

**TERCERO:** *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE MAYAGUEZ AL PASAR POR ALTO E IGNORAR EL SILENCIO, INCOMPARECENCIA E INCUMPLIMIENTO DE LO ORDENADO POR EL TPI PARA QUE SE EXPRESARA EN UN TÉRMINO DE 10 DIAS A LAS PARTES. EN LO PERTINENTE Y PUNTUAL A LA SOLICITUD DE AUXILIO DEL TRIBUNAL AL AMPARO DE LO ESTABLECIDO EN LA LEY NÚM. 141-2019 CONCERNIENTE A LA NEGATIVA E INCUMPLIMIENTO DE LAS LEYES APLICABLES A LA COMISIÓN DE INVESTIGACIÓN, PROCESAMIENTO Y APELACIÓN (CIPA) Y SUS FUNCIONARIOS PÚBLICOS QUE LA DIRIGEN.* [SIC].

Tras varios incidentes procesales, el Gobierno presentó su posición mediante el *"Alegato del Gobierno de Puerto Rico y Solicitud de Desestimación"*. Por lo cual, el **1 de agosto de 2024**, el recurso quedó perfeccionado para la consideración del Panel.

**-II-**

**-A-**

Cabe señalar que, la Regla 16 de nuestro Reglamento establece que contendrá el escrito de apelación en casos civiles. Referente al Apéndice, el inciso (E) de la aludida regla dispone que:

> **(E) Apéndice**
> **(1)** *El escrito de apelación, salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, incluirá un Apéndice que contendrá una copia literal de:*
>> **(a)** *las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;*
>> **(b)** *la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma;*

*(c)* *toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;*

*(d)* *toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste;*

*(e)* *cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia.*

*(2) El Tribunal de Apelaciones, a petición de la parte apelante en el escrito de apelación, en moción o motu proprio, podrá permitir a la parte apelante la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de la presentación del escrito de apelación, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza la presentación de los documentos.*

*La omisión de incluir los documentos del Apéndice no será causa automática de desestimación del recurso. De no autorizarse por el Tribunal de Apelaciones la presentación de los referidos documentos dentro del término antes indicado, tal omisión podría dar lugar a la desestimación del recurso.*

*(3) Cuando la parte apelante interese que se considere en apelación cualquier prueba admitida que no sea de fácil reproducción, solicitará su elevación mediante una moción, la que deberá presentar con su escrito inicial. Cuando la parte apelante plantee como error la exclusión indebida de alguna prueba, incluirá en un Apéndice separado una copia de la prueba ofrecida y no admitida.*
*[…].*[11]

El Tribunal Supremo de Puerto Rico ha señalado reiteradamente que las disposiciones reglamentarias sobre los recursos que se presentan ante el Tribunal de Apelaciones **deben observarse.**[12] De igual modo, las partes están **obligadas** a cumplir fielmente el trámite prescrito en las correspondientes leyes y reglamentos aplicables al proceso de perfeccionamiento de los recursos y **no puede quedar a su arbitrio decidir qué disposiciones reglamentarias deben acatarse y cuándo.**[13] Todavía más, una parte no puede utilizar como subterfugio su comparecencia **por derecho propio** para incumplir con las normas

---

[11] Regla 16 inciso (E) del Reglamento del Tribunal de Apelaciones de Puerto Rico, 4 LPRA Ap. XXII-B, R. 16 (E). *Énfasis nuestro.*
[12] *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).; *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011).; *Arriaga v. FSE,* 145 DPR 122, 129–130 (1998). *Énfasis nuestro.*
[13] *Íd. Énfasis nuestro.*

procesales en cuanto a la presentación y perfeccionamiento de los recursos.[14]

**-B-**

Nuestro Tribunal Supremo ha sido claro en que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[15] La citada norma de deferencia también es aplicable a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Alto Foro Judicial ha expresado lo siguiente:

> *No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[16]*

Lo importante al momento de ejercer la función revisora es determinar cuándo un tribunal ha abusado de su discreción, ello, no constituye una tarea fácil.[17] Por lo tanto, para realizarla adecuadamente nuestro Alto Foro indica expresamente que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad.[18]

**-C-**

En nuestro ordenamiento existe un derecho fundamental a la información pública.[19] Este derecho está firmemente ligado al ejercicio de los derechos de libertad de palabra, prensa y asociación formalmente consagrados en la Constitución de Puerto Rico.[20] Por ello, nuestro Tribunal Supremo reconoció el derecho de la prensa y

---

[14] *Febles v. Romar* 159 DPR 714 (2003).
[15] *Coop. Seguros Múltiples de PR v. Lugo*, 136 DPR 203, 208 (1994).
[16] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[17] *Íd.*
[18] *Íd.*
[19] *Trans Ad de PR v. Junta de Subastas*, 174 DPR 56, 67(2008).
[20] Art. II, Sec. 4, Const. PR, LPRA, Tomo 1.; *Engineering Services v. AEE*, 205 DPR 136, 145 (2020).

de los ciudadanos en general, a tener acceso a la información pública como un derecho fundamental de estirpe constitucional.[21]

El derecho de acceso a la información pública garantiza poder examinar el contenido de los expedientes, informes y documentos compilados por el Estado en el ejercicio de sus gestiones gubernamentales.[22] El derecho de acceso a la información pública es principio inherente a toda sociedad democrática, por lo que el Tribunal Supremo ha sido consecuente al reconocer su carácter fundamental y constitucional.[23]

Cónsono con ello, el Artículo 409 del Código de Enjuiciamiento Civil reconoce que todo ciudadano tiene derecho a inspeccionar y a fotocopiar cualquier documento público de Puerto Rico, sujeto a las excepciones dispuestas por ley.[24]

En vista de que la jurisprudencia que reconocía al derecho de las personas al acceso de la información pública se mantenía constante, se aprobó la Ley Núm. 141-2019, conocida como la *Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública* ("Ley Núm.141-2019").[25] Como lo indica su título, esta ley fue promulgada por la Asamblea Legislativa a los fines de promover el acceso a la información pública mediante mecanismos procesales ágiles y económicos que propicien la transparencia.[26] Además, surge de la Exposición de Motivos que:

> *[e]s importante que entre el gobierno y la ciudadanía exista un ambiente de respeto, transparencia y comunicación efectiva. Mantener el orden es importante y la transparencia de un gobierno aún más; la ciudadanía tiene el derecho de saber cómo se manejan los fondos públicos y cómo se toman las*

---

[21] *Bathia Gautier v. Gobernador*, 199 DPR 59, 80 (2017); *Soto v. Srio. de Justicia*, 112 DPR 477 (1982).
[22] *Engineering Services v. AEE, supra,* pág. 145; *Bhatia Gautier v. Gobernador,* 199 DPR 59, 99 (2017); *Ortiz v. Dir. Adm. de los Tribunales*, 152 DPR 161, 175 (2000).
[23] *Engineering Services v. AEE, supra,* pág. 145.; *Trans Ad de PR v. Junta de Subastas,* 174 DPR 56, 67 (2008); *Ortiz v. Dir. Adm. de los Tribunales, supra.*
[24] Art. 409 del Código de Enjuiciamiento Civil de Puerto Rico, 32 LPRA sec. 1781.
[25] Ley Núm. 141-2019, según enmendada, conocida como *Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública*, 3 LPRA sec. 9911 *et seq.*
[26] *Véase*; Exposición de Motivos, Ley Núm. 141-2019.

*decisiones que afectarán el futuro de Puerto Rico y sus habitantes.*[27]

A esos efectos, el Artículo 3 de la Ley Núm. 141-2019 establece una política de apertura a la información y documentación, que incluye la disponibilidad de la tecnología y de los avances necesarios para hacer valer el derecho de los ciudadanos a la información y documentación pública oportunamente y de forma accesible.[28] En tal gestión, este *"[d]ivulgará rutinariamente a través de sus páginas electrónicas oficiales y mediante otros medios de comunicación la información sobre su funcionamiento, acciones y los resultados de su gestión [. . .] así como toda documentación pública que sea realizada por la entidad de forma rutinaria".*[29] No obstante, se establece que ***"[n]o serán información pública los expedientes de personal o cualquier información de esta índole".***[30]

En el Artículo 6 de la mencionada Ley Núm. 141-2019 establece que:

> *Cualquier persona podrá solicitar información pública mediante solicitud escrita o por vía electrónica, sin necesidad de acreditar algún interés particular o jurídico. El Oficial de Información tendrá la responsabilidad de notificar, por email, fax o correo regular, a todo peticionario de información o documentación pública que su solicitud fue recibida y el número de identificación de la misma. [...].[31]*

Por su parte, el Artículo 7 indica que, en el caso de la Rama Ejecutiva y las oficinas centrales de la agencia o entidad gubernamental, los oficiales de información deberán producir la información pública en un término no mayor de diez (10) días laborables, contados a partir de la fecha en que el solicitante solicitó la información. Si la solicitud se presenta en una oficina regional de la agencia o entidad gubernamental, el término para entregar la información no podrá ser mayor de quince (15) días laborables.[32]

---

[27] *Íd.*
[28] 3 LPRA sec. 9913(8).
[29] 3 LPRA sec. 9914.
[30] *Íd.*
[31] 3 LPRA sec. 9916.
[32] 3 LPRA sec. 9917.

A los fines de viabilizar un reclamo de acceso a la información pública cuando *una entidad gubernamental no haya entregado lo solicitado sin explicación alguna,* el Artículo 9 de la Ley Núm.141-2019 permite a los ciudadanos presentar un *Recurso Especial de Acceso a Información Pública.*

En específico, el referido Artículo 9 dispone:

> ***Cualquier persona a la cual una entidad gubernamental*** *le haya notificado su determinación de no entregar la información solicitada o que* ***no haya hecho entrega de la información dentro del término establecido*** *o su prórroga,* ***tendrá derecho a presentar,*** *por derecho propio o a través de su representación legal,* ***ante la sala del Tribunal de Primera Instancia de la Región Judicial de San Juan un Recurso Especial de Acceso a Información Pública.***
> *[. . .]*
> ***La notificación del recurso a la entidad gubernamental deberá ser realizada por el propio tribunal*** *sin costo alguno. Para esto,* ***el Secretario del Tribunal de Primera Instancia en que se haya presentado el recurso, emitirá una notificación a la entidad gubernamental*** *que haya notificado al solicitante su determinación de no entregar la información o* ***que no haya hecho entrega de la información dentro del término establecido para que esta comparezca por escrito,*** *apercibiéndole que si así no lo hiciere, se estaría allanando a las alegaciones de la demanda y se procedería a expedir el remedio solicitado que proceda conforme a este capítulo, sin más citarle ni oírle.*
> ***El recurso*** *en cuestión* ***deberá presentarse dentro del término de cumplimiento estricto de treinta (30) días,*** *contados* ***a partir*** *de la fecha en que la entidad gubernamental haya notificado su determinación de no entregar la información solicitada o* ***de la fecha en que venció el término disponible para ello si no hubo contestación.***
> *[. . .]*
> ***El tribunal deberá resolver por escrito la controversia, mediante resolución fundamentada en derecho declarando con o sin lugar la solicitud de producción de información pública en un término de diez (10) días*** *contados desde que la entidad gubernamental emitió su contestación al tribunal o desde que se celebró la vista, de haberse celebrado la misma.*[33]

Por último, es menester señalar que esta ley aplica a todas las ramas del gobierno, incluidas las entidades gubernamentales, corporaciones públicas y los municipios.

También es aplicable a terceros custodios de información o documentos públicos.[34]

---

[33] 3 LPRA sec. 9919.
[34] 3 LPRA sec. 9912.

**-III-**

Previo a atender los señalamientos de error del señor Crespo Rivera, debemos indicar que éste no cumplió con presentar el Apéndice del recurso de apelación instado. Ello, contrario a la Regla 16 de nuestro Reglamento, la cual, establece que los escritos de apelación deben contener un Apéndice. Por lo que, el apelante incumplió con el perfeccionamiento de su recurso.

Pese a ello, evaluamos los planteamientos presentados por el señor Crespo Rivera, sin embargo, determinamos que el TPI no erró en su determinación. El foro primario actuó correctamente al desestimar la acción instada, ya que el apelante no cumplió con los requisitos que establece la Ley Núm. 141–2019 para utilizar los mecanismos establecidos. Además, tampoco presentó prueba tendente a demostrar que el TPI actuó con pasión, prejuicio, parcialidad o error manifiesto. Por lo que, corresponde que confirmemos el dictamen apelado.

Por otro lado, el Gobierno informó a este Tribunal de Apelaciones que el proceso del señor Crespo Rivera ante la *Comisión de Investigación, Procesamiento y Apelación* (CIPA) está pendiente de adjudicación.

En fin, no contamos con los elementos para determinar que el TPI incurrió en los errores imputados, por lo que confirmamos la sentencia apelada.

**-IV-**

Por todo lo antes expuesto, ***confirmamos*** la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones