Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ELIEZER SANTANA BÁEZ<br><br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>RECURRIDO | KLRA202500072 | *Revisión Judicial* procedente del Departamento Corrección y Rehabilitación<br><br>Caso Núm.<br><br><br>Sobre: |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

# SENTENCIA

En San Juan, Puerto Rico, a 11 de febrero de 2025.

## I.

El 31 de enero de 2025, el señor Eliezer Santana Báez (señor Santana Báez o recurrente), quien se encuentra privado de la libertad, presentó por derecho propio un recurso de revisión judicial, el cual tituló *Petición de revisión judicial y auxilio urgente de jurisdicción*, en el que solicitó que revoquemos una *Respuesta/Resolución* que, según alega, fue emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DRA-DCR o foro recurrido).[1]

Asimismo, el señor Santana Báez incluyó una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia* en la que solicitó que le autorizáramos a litigar *in forma*

---

[1] El señor Santana Báez expresó en su recurso que la *Respuesta/Resolución* e identificada en el caso Núm. B-1543-24 fue emitida por el DRA-DCR el 7 de enero de 2024 y notificada el 7 de enero de 2025. Además de no identificar con certeza la resolución u orden de la que se recurre, tampoco incluyó copia de esta como anejo al recurso.

Como anejo al recurso, el recurrente incluyó una *Solicitud de reconsideración* con fecha del 13 de diciembre de 2024, pero sin sello de presentación de la DRA-DCR. Según adujo, la DRA-DCR no atendió la reconsideración.

*pauperis* porque, según informó en el formulario, no posee los medios económicos para sufragar los costos del litigio.

Se autoriza la litigación *in forma pauperis* y por derecho propio del recurrente.

En el recurso, el recurrido narró dispersamente un extenso trámite médico que, según alega, ha transcurrido desde finales del 2022 para atender problemas de la vesícula y sus secuelas.[2] Dentro de todo ello, plantea que el Departamento de Corrección y Rehabilitación (DCR), así como Physician Correctional, no le han provisto los servicios médicos necesarios, provocando que se agrave su salud. En relación con la determinación recurrida expresó:

> Al llenar "*sick call*" el 23 de diciembre [de] 2024 dije:
> 'El viernes 20 de diciembre de 2024 me tomaron placas en CMC [Centro Médico Correccional], solicito se me refiera al cirujano. Necesito un cambio en medicamento alta presión que los que tengo no funcionan. Tengo [h]emoglobina muy alta eso me genera presión de ojos. No me han dado las *lopid* recetadas por la MI [Médico Internista]. Necesito ver un nefrólogo por la función renal baja.'
> Nada se hizo. Ya estoy cansado, mi salud no responde igual. Por eso presenté este remedio B-1543-24, luego de lo cual, presente solicitud de reconsideración ante el hecho de que éstos me responden igual a otros remedios y de mandarme a la MI la cual es anual, y decidieron guardar silencio a mi reconsideración.[3]

Asimismo, esbozó el siguiente señalamiento de error:

> Erró el DCR al no honrar el referido de la MI de mandarme *rush* al CM y no enviarme a los distintos especialistas ordenados por ella, algunos de los cuales están en el CMC mismo como urólogo; y no enviarme tampoco al gastroenterólogo, ni a estudios con los especialistas más exhaustivos por medio de los cuales se pueda llegar a un diagnóstico atinado y atender el páncreas.[4]

Como cuestión de umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXIIB, R. 7 (B) (5), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el

---

[2] El recurrente se refirió a varios "remedios" solicitados durante ese tiempo, sin identificarlos propiamente y sin incluirlos junto al recurso. Según mencionó, estos tenían las siguientes identificaciones: B-788-24, B-917-24, B-1216-24, B-1317-24, B-1357-24, B-1543-24 y B-1538-24. Es de notar que, en ocasiones, menciona otros sin incluir su identificación.
[3] *Petición de revisión judicial y auxilio urgente de jurisdicción*, pág. 12. Editado para mayor claridad y coherencia.
[4] Íd. Editado para mayor claridad y coherencia.

propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia de la parte recurrida.

Empero, adelantamos que el recurso incumple sustancialmente con los requisitos de contenido de la Regla 59 del Reglamento del Tribunal de Apelaciones, *supra*, R. 59, necesarios para considerarlo y, por ello, procede su desestimación. Además, incumple con los requisitos de notificación a las partes de la Regla 58 del Reglamento del Tribunal de Apelaciones, *supra*, R. 58.

## II.

## A.

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***Shell v. Srio. Hacienda,*** 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. ***Fuentes Bonilla v. ELA,*** 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. ***Mun. de San Sebastián v. QMC Telecom,*** 190 DPR 652, 660 (2014).

Entre las razones que privan a los tribunales de asumir jurisdicción sobre un asunto, resalta el incumplimiento por la parte promovente con las reglas referentes al perfeccionamiento del recurso. Ante un incumplimiento de este tipo, el derecho procesal apelativo autoriza que se desestime un recurso. ***Arriaga v. F.S.E.***, 145 DPR 122, 129-130 (1998). El cumplimiento con el Reglamento

del Tribunal de Apelaciones, *supra*, no puede soslayarse injustificadamente. Íd., pág. 130.

Ahora bien, la omisión de un documento no debe acarrear automáticamente la desestimación del recurso, sino que debe obligar a los tribunales a analizar la naturaleza del documento o folio omitido y su importancia para la consideración del recurso. H. Sánchez Martínez, *Derecho Procesal Apelativo, Puerto Rico*, Ed. Lexis Nexis de Puerto Rico, Inc., 2001, pág. 333. Para los foros apelativos, el apéndice equivale al expediente judicial del tribunal de instancia y mediante este, descansan para descargar sus responsabilidades y prerrogativas. Íd., pág. 314. Por tal razón, "[u]na decisión judicial tomada a base de un expediente incompleto es siempre portadora del germen latente de la incorrección". Íd.

A su vez, cabe destacar también que las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003).

**B.**

Por un lado, la Regla 58 del Reglamento del Tribunal de Apelaciones, *supra*, R. 58, regula las gestiones de presentación y notificación con las que tienen que cumplir las partes que presentan una revisión judicial. En lo pertinente, la Regla 58(B)(1) del Reglamento del Tribunal de Apelaciones, *supra*, R. 58(B)(1), requiere que, dentro del término para presentar el recurso, la parte recurrente notifique el escrito de revisión a la representación legal de récord del trámite administrativo o en su defecto a las partes; a la agencia o al funcionario administrativo cuyo dictamen se recurre. Según dispone, el término es de cumplimiento estricto. Entretanto, el inciso (B)(4) de la Regla 58 del Reglamento del Tribunal de Apelaciones, *supra*, requiere que, en el escrito de revisión, la parte

recurrente certifique que notificó a las partes y que cumplió con el término dispuesto para ello.

Por el otro, el contenido del escrito de revisión judicial está regulado por la Regla 59 del Reglamento del Tribunal de Apelaciones, *supra*, R. 59, la cual establece en su inciso (C)(1) que todo recurso contendrá: (1) **una referencia a la decisión, reglamento o providencia administrativa cuya revisión se solicita** e incluirá, entre otras cosas, el nombre y el número del caso administrativo, el organismo, la agencia o funcionario que la dictó, **la fecha en que fue dictada y la fecha en que se notificó a las partes**; (2) una referencia a cualquier moción, resolución u orden que haya interrumpido y reanudado el término para solicitar revisión; (3) **una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso**; (4) un señalamiento breve y conciso de los errores que cometió el organismo o funcionario recurrido; y (5) una discusión de esos errores señalados, haciendo referencia a leyes y jurisprudencia aplicables.

Además, el inciso (E) de la referida Regla, establece que el recurso contendrá un apéndice compuesto de, entre otros, una copia literal de: (1) **la orden, resolución o providencia administrativa cuya revisión se solicita**; (2) **toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para solicitar revisión**; (3) toda resolución u orden, moción o escrito que forme parte del expediente original administrativo y en los que se discuta expresamente cualquier asunto planteado en el recurso de revisión; y (4) cualquier otro documento que forme parte del expediente original en la agencia y que pueda ser útil en la resolución de la controversia.

Por último, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83(C), también faculta a esta Curia a, por

iniciativa propia, desestimar un recurso por diversos motivos, entre ellos: (1) porque el Tribunal de Apelaciones carece de jurisdicción; (2) porque fue presentado fuera del término de cumplimiento estricto dispuesto sin que exista justa causa; y (3) porque no se ha presentado o proseguido con diligencia o de buena fe. Entretanto, la Regla 83(D) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83(D), requiere que las resoluciones que emita el Tribunal bajo dicha regla sean fundamentadas

### III.

En el presente recurso, el señor Santana Báez solicita que revisemos una determinación administrativa en la que, según alega, el DCR rechazó proveerle servicios médicos según ordenó una médico internista que lo evaluó. Sin embargo, incumplió crasamente con las reglas de esta Curia al: (1) no realizar una referencia clara a la decisión o providencia administrativa cuya revisión se solicita, la fecha en la que se dictó y la fecha en la que se notificó a las partes; (2) no relatar fiel y concisamente los hechos procesales, importantes o pertinentes del caso; (3) no incluir documento alguno que acredite rechazo o denegatoria alguna por parte de la DRA-DCR o el DCR; (4) no presentar ningún otro documento que forme parte del expediente administrativo sobre la determinación de la que se recurre; y (5) no certificar que haya notificado a la agencia cuyo dictamen se recurre, ni a cualquier otra parte en el trámite administrativo.

Ante estas omisiones, tras un análisis objetivo, sereno y cuidadoso del expediente, resulta imperativo desestimar el recurso por falta de jurisdicción ante el craso incumplimiento del recurrido con las Reglas 58 y 59 del Reglamento del Tribunal de Apelaciones, *supra.* Producto de ese incumplimiento, el recurrido no nos colocó en posición de auscultar nuestra jurisdicción sobre el asunto, ni de evaluar los méritos de sus alegaciones. Tampoco es posible

identificar la determinación administrativa cuya revisión se pretende, al no incluirla en su recurso.

**IV.**

Por los fundamentos pormenorizados, se *desestima* el recurso de revisión judicial por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Sánchez Ramos está conforme y consigna que, además, este Tribunal no tiene jurisdicción porque el propio recurrente admitió que no ha recibido una determinación del Departamento de Corrección y Rehabilitación en conexión con su escrito de "reconsideración". En el contexto del proceso de remedios administrativos en la referida agencia, únicamente tenemos jurisdicción para revisar la determinación que, como resultado de la llamada "reconsideración", emita el (o la) Coordinador(a). Véase, por ejemplo, *Hermina Venes v. Departamento de Corrección y Rehabilitación*, Sentencia de 20 de septiembre de 2024 (KLRA202400502).

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones