Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| CARMEN MARÍA BORGOS RAMOS, SR. JOSUÉ PÉREZ ADM. AUXILIAR PROGRAMA ADULTO<br><br>APELADA<br><br><br>v<br><br><br>**AIDA IRIS BORGOS RAMOS T/C/C AILEEN BORGOS RAMOS,** DAMARIS NIEVES BORGOS<br><br>APELANTE | TA2025AP00014 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br><br>Caso Núm. SJ2024CV05464<br><br><br>Sobre: Desahucio en precario |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de junio de 2025.

### I.

El 16 de junio de 2025, la señora Aida Iris Borgos Ramos (señora Aida Borgos o apelante), también conocida como Aileen Borgos Ramos, presentó, por derecho propio, una *Apelación civil* en la que solicitó que interviniéramos en el caso SJ2024CV05464, promovido ante el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) por la señora Carmen María Borgos Ramos (señora Carmen Borgos o apelada), el cual ha conllevado, tras los trámites correspondientes, el lanzamiento de la apelante de la propiedad en cuestión. Sin embargo, en su escrito, la señora Aida Borgos no identifica el dictamen que pretende apelar. De un repaso del expediente digital del caso ante el TPI en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) tampoco surge

*Sentencia* o *Resolución* que pueda ser objeto de impugnación bajo el presente recurso. En su escrito se limita a repetir alegaciones previamente adjudicadas durante el trámite procesal del caso.

Como cuestión de umbral, la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.7 (B) (5), nos confiere la facultad para prescindir de escritos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho. Al amparo de ello, dadas las particularidades de este caso, prescindimos de la comparecencia de la señora Carmen Borgos.

**II.**

El caso de marras tiene su génesis el 17 de junio de 2024 cuando la señora Carmen Borgos radicó una *Demanda de desahucio* en contra de la señora Aida Borgos y la señora Damaris Nieves para obtener el desahucio de estas de una propiedad, ubicada en el Municipio de San Juan.[1]

Después de múltiples trámites procesales,[2] el 21 de agosto de 2024, el TPI emitió una *Sentencia* en rebeldía en la que declaró Con Lugar la *Demanda de desahucio* y, en consecuencia, ordenó a la señora Aida Borgos y la señora Damaris Nieves desalojar la propiedad en un término de cinco (5) días, contados a partir de la fecha del archivo en autos de la notificación de la determinación.[3]

Posteriormente, continuado el procedimiento dirigido hacia el lanzamiento, el 7 de enero de 2025, TPI emitió una *Resolución* en la que declaró No Ha Lugar una solicitud de relevo de sentencia promovida por la apelante y, en consecuencia, ordenó la continuación de los procedimientos post sentencia.[4] En esa ocasión,

---

[1] Entrada Núm. 1 del expediente digital del caso en el SUMAC-TPI.
[2] Para el detalle pormenorizado de dichas incidencias, véase nuestra *Sentencia* del 24 de febrero de 2025 en el caso KLCE202500069.
[3] Entrada Núm. 16 del expediente digital del caso en el SUMAC-TPI. Notificada y archivada digitalmente el 22 de agosto de 2024.
[4] Entrada Núm. 69 del expediente digital del caso en el SUMAC-TPI. Notificada y archivada digitalmente el 8 de enero de 2025.

en cuanto a una reiterada alegación de la señora Aida Borgos sobre posible fraude en la adquisición del título de la propiedad por la señora Carmen Borgos, expresó que la apelante tenía que presentar un pleito independiente para litigar dicho asunto.

Esa determinación fue recurrida el 24 de enero de 2025 en una petición de *Certiorari* radicada por la señora Aida Borgos, la cual recibió el identificador alfanumérico KLCE202500069. El 24 de febrero de 2025, este mismo panel emitió una *Sentencia* en la que expedimos el auto de *Certiorari* y confirmamos la *Resolución* recurrida. También, resolvimos que dicha determinación no impedía que la apelante presentara una acción independiente para litigar sus alegaciones sobre el título de la propiedad.

El 10 de abril de 2025, nuestro mandato sobre la *Sentencia* del KLCE202500069 fue remitido al foro primario.[5]

El 7 de mayo de 2025, el Alguacil Auxiliar certificó que diligenció el mandamiento y la orden de lanzamiento según las emitió el TPI.[6] En su escrito, expresó que, ese mismo día, sucedió lo siguiente:

> Me presenté siendo las 10:45am la dirección que obra en autos en el caso 532024CV05464 para realizar el lanzamiento, luego de esperar por las agencias correspondientes citadas en este caso lleg[ó] la Sra. Princess Delgado y el Sr. Ricardo J. Cruz Ortiz en representación del [D]epartamento de la [F]amilia, el Sr. David Márquez Cepeda por el [D]epartamento de la [V]ivienda y Jahnnytzariely Alcántara Cortes de OPPEA. [A]l llegar a la residencia en la misma se encontraba la Sra. Aida Iris Borgos Ramos a quien procedí a informarle sobre el lanzamiento y la cual expres[ó] sus intenciones de suicidarse en múltiples ocasiones acto seguido procedí a comunicarme con el Sr. Carlos O'farril supervisor y el Sr. Carlos Santos Boria alguacil regional interino para pedir refuerzos y luego llamé a las 11:52 am al 911 para indicar las intenciones de suicidio de la dama. Al lugar lleg[ó] la unidad E 24 de emergencias m[é]dicas Tablilla CP 5374 y los paramédicos Carrasquillo 3727 y Figueroa 4166, el agte. Javier Santiago #38115 y la Agte. Yesenia Marrero #38088 llegaron a las 12:56 pm y los agentes municipales Tnte. Linda Bonilla 4-681 y PM Jesús Claudio #1234 llegaron a la 1:00 pm. Luego de estar todo el personal necesario se procedió al lanzamiento y a transportar a la dama al tribunal mediante patrulla estatal para brindarle ayuda atreves [sic] de la ley 408 en una institución

---

[5] Entrada Núm. 81 del expediente digital del caso en el SUMAC-TPI.
[6] Entrada Núm. 82 del expediente digital del caso en el SUMAC-TPI.

hospitalaria. Una vez culminado el proceso se puso a disposición del Sr. Raúl Canales la propiedad objeto del lanzamiento.[7]

Acto seguido, el 16 de junio de 2025, la señora Aida Borgos presentó el recurso de epígrafe. En el escrito, la apelante reproduce algunas alegaciones que ha sostenido desde el inicio del procedimiento en su contra y narró dispersamente algunos hechos acaecidos luego de que fue desalojada de la propiedad el 7 de mayo de 2025.[8]

### III.

### A.

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. *Fuentes Bonilla v. ELA,* 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

Entre las razones que privan a los tribunales de asumir jurisdicción sobre un asunto, resalta el incumplimiento por la parte promovente con las reglas referentes al perfeccionamiento del recurso. Ante un incumplimiento de este tipo, el derecho procesal apelativo autoriza que se desestime un recurso. *Arriaga v. F.S.E.,*

---

[7] Íd.

[8] Esta fecha surge del lanzamiento diligenciado ese día, según se desprende de la Entrada Núm. 82 del expediente digital del caso en el SUMAC-TPI.

145 DPR 122, 129-130 (1998). El cumplimiento con el Reglamento del Tribunal de Apelaciones, *supra*, no puede soslayarse injustificadamente. Íd., pág. 130.

Ahora bien, la omisión de un documento no debe acarrear automáticamente la desestimación del recurso, sino que debe obligar a los tribunales a analizar la naturaleza del documento o folio omitido y su importancia para la consideración del recurso. H. Sánchez Martínez, _Derecho Procesal Apelativo, Puerto Rico_, Ed. Lexis Nexis de Puerto Rico, Inc., 2001, pág. 333. Para los foros apelativos, el apéndice equivale al expediente judicial del tribunal de instancia y mediante este, descansan para descargar sus responsabilidades y prerrogativas. Íd., pág. 314. Por tal razón, "[u]na decisión judicial tomada a base de un expediente incompleto es siempre portadora del germen latente de la incorrección". Íd.

A su vez, cabe destacar también que las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales. **Febles v. Romar**, 159 DPR 714, 722 (2003).

**B.**

La Regla 16 del Reglamento del Tribunal de Apelaciones, *supra*, R. 16, ordena los requisitos de contenido del escrito de apelación en casos civiles. En su inciso (C)(1), dicha Regla requiere que todo recurso contenga: (1) una referencia a la sentencia cuya revisión se solicita, incluyendo el nombre y el número del caso, la Sala del TPI que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos la copia de su notificación; (2) una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el escrito de apelación; (2) una relación fiel y concisa de los hechos procesales y de los hechos importantes y

pertinentes del caso; (3) un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el TPI; y (4) una discusión de los errores señalados, incluso las disposiciones de ley y la jurisprudencia aplicables.

Además, el inciso (E) de la referida Regla establece que el recurso contendrá un apéndice compuesto de, entre otros, una copia literal de: (1) las alegaciones de las partes, la demanda principal y su respectiva contestación; (2) la sentencia del TPI cuya revisión se solicita y la notificación del archivo en autos de copia de esta; (3) toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para apelar; y (4) cualquier otro documento que forme parte del expediente original en el TPI y que pueda ser útil para resolver la controversia.

Por último, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83(C), también faculta a esta Curia a, por iniciativa propia, desestimar un recurso por diversos motivos, entre ellos: (1) **porque el Tribunal de Apelaciones carece de jurisdicción**; (2) porque fue presentado fuera del término de cumplimiento estricto dispuesto sin que exista justa causa; y (3) porque no se ha presentado o proseguido con diligencia o de buena fe. Entretanto, la Regla 83(D) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83(D), requiere que las resoluciones que emita el Tribunal bajo dicha regla sean fundamentadas.

**IV.**

En el recurso de marras, la señora Aida Borgos solicita nuestra intervención luego de que se diligenciara el lanzamiento ordenado por el TPI en el caso de epígrafe. Sin embargo, no señala qué determinación judicial impugna, ni aduce las razones para ello. Tampoco acompañó la misma al recurso, ni la pudimos identificar de un pormenorizado análisis de los autos digitales del caso ante el TPI.

De un análisis objetivo, sereno y cuidadoso del expediente del caso y del recurso radicado, surge palmariamente que no se apela dictamen alguno, final o interlocutorio, que haya sido emitido por el foro primario. Asimismo, el escrito incumple crasamente con el Reglamento del Tribunal de Apelaciones al no incluir una referencia específica a –ni anejar– la sentencia cuya revisión se solicita y al no señalar – ni discutir– los errores que le imputa al foro primario. Hemos examinado las incidencias del trámite procesal ante el TPI y no podemos identificar dictamen alguno del foro primario que podría ser objeto de impugnación mediante el recurso de epígrafe. Desde nuestra *Sentencia* del 24 de febrero de 2025 hasta el presente, únicamente se diligenció el mandamiento de lanzamiento. En ese transcurso de tiempo, el TPI no emitió ninguna *Resolución* adicional. Por todo ello, no resulta posible asumir jurisdicción sobre el recurso y, en cumplimiento con la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, procede desestimarlo.

Cabe recalcar, además, que la *Sentencia* en rebeldía emitida por el TPI el 21 de agosto de 2024 en la que declaró Ha Lugar la *Demanda de desahucio* y ordenó el desahucio de la apelante advino final y firme. Asimismo, en el KLCE202500069, confirmamos la determinación del foro primario de rechazar la solicitud de relevo de sentencia de la apelante sobre los efectos de dicho dictamen. Por lo cual, tanto el dictamen que ordenó el desahucio como la *Resolución* que dio paso al desahucio fueron sostenidos conforme a derecho.

Por último, reiteramos que, en nuestra *Sentencia* del 24 de febrero de 2025 en el caso KLCE202500069, expresamos que, sobre las alegaciones de fraude esbozadas por la señora Aida Borgos respecto a la obtención de la titularidad de la propiedad por la señora Carmen Borgos, la apelante no se encuentra huérfana de remedio. Tiene a su disposición la radicación de un pleito ordinario

en contra de la apelada en donde pueda litigar sus alegaciones sobre el título de la propiedad.

**V.**

Por los fundamentos pormenorizados, se *desestima* la *Apelación civil* de epígrafe.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones