Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| YASHIRA MARTÍNEZ RODRÍGUEZ<br><br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE LA FAMILIA<br><br>RECURRIDO | TA2025RA00337 | *Revisión Judicial* procedente del Departamento de la Familia, Oficina San Juan<br><br>Caso Núm.<br>2026 PPSF 00031<br><br>Sobre: Protección a menores con fundamento |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

### I.

El 29 de octubre de 2025, la señora Yashira Martínez Rodríguez (recurrente) presentó, por derecho propio, un recurso de *Revisión Administrativa.* En el recurso, la recurrente meramente narró que fue atacada frente a su hogar por unas vecinas, lo cual reportó a la Policía y que recibió, tras dicho conflicto, una vista por un "social", tres (3) semanas después. Además, se queja de la oficina de administración del complejo de vivienda pública en donde reside. Incluyó como parte del apéndice una *Resolución* emitida el 23 de octubre de 2025, por el Departamento de la Familia. No obstante, no hace referencia alguna a dicho documento, ni lo menciona en el recurso.

Junto al recurso, incluyó una *Solicitud para declaración de indigencia.*

Se autoriza la litigación *in forma pauperis* y por derecho propio de la recurrente.

Además, como cuestión de umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), nos confiere la facultad para prescindir de escritos, en cualquier caso, ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia de la parte recurrida.

## II.

### A.

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. *Fuentes Bonilla v. ELA,* 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

Entre las razones que privan a los tribunales de asumir jurisdicción sobre un asunto, resalta el incumplimiento por la parte promovente con las reglas referentes al perfeccionamiento del recurso. Ante un incumplimiento de este tipo, el derecho procesal apelativo autoriza que se desestime un recurso. *Arriaga v. F.S.E.,* 145 DPR 122, 129-130 (1998). El cumplimiento con el Reglamento

del Tribunal de Apelaciones, *supra,* no puede soslayarse injustificadamente. Íd., pág. 130.

Ahora bien, la omisión de un documento no debe acarrear automáticamente la desestimación del recurso, sino que debe obligar a los tribunales a analizar la naturaleza del documento o folio omitido y su importancia para la consideración del recurso. H. Sánchez Martínez, <u>*Derecho Procesal Apelativo, Puerto Rico*</u>, Ed. Lexis Nexis de Puerto Rico, Inc., 2001, pág. 333. Para los foros apelativos, el apéndice equivale al expediente judicial del tribunal de instancia y mediante este, descansan para descargar sus responsabilidades y prerrogativas. Íd., pág. 314. Por tal razón, "[u]na decisión judicial tomada a base de un expediente incompleto es siempre portadora del germen latente de la incorrección". Íd.

A su vez, cabe destacar también que las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales. ***Febles v. Romar***, 159 DPR 714, 722 (2003).

**B.**

La Regla 59 del Reglamento del Tribunal de Apelaciones, *supra,* págs. 77-79, ordena los requisitos de contenido del escrito de revisión judicial. En su inciso (C)(1), dicha Regla establece que todo recurso, entre otras cosas, contendrá:

> […]
>
> (c) **una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión**, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

[...]

(d) **Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.**

(e**) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.**

(f) **Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.**

(g) **La súplica**. (Énfasis nuestro).

Además, el inciso (E) de la referida Regla, establece que el recurso contendrá un apéndice compuesto de, entre otros, una copia literal de:

(a) las alegaciones de las partes ante la agencia, a saber, **la solicitud original**, la querella o apelación **y las contestaciones a las anteriores hechas por las demás partes**;

(b) ...

(c) la orden, resolución o providencia administrativa cuya revisión se solicita;

(d) toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para solicitar revisión;

(e) toda resolución u orden, moción o escrito que forme parte del expediente original administrativo y en los que se discuta expresamente cualquier asunto planteado en el recurso de revisión; y

(f) cualquier otro documento que forme parte del expediente original en la agencia y que pueda ser útil en la resolución de la controversia.

(g) .... (Énfasis nuestro).

Por último, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83(C), pág. 110, también faculta a esta Curia a iniciativa propia, desestimar un recurso por diversos motivos, entre ellos: (1) **porque el Tribunal de Apelaciones carece de jurisdicción**; (2) porque fue presentado fuera del término de cumplimiento estricto dispuesto sin que exista justa causa; y (3) porque no se ha presentado o proseguido con diligencia o de buena fe. Entretanto, la Regla 83(D) del Reglamento del Tribunal de

Apelaciones, *supra*, R. 83(D), requiere que las resoluciones que emita el Tribunal bajo dicha regla sean fundamentadas.

**III.**

En el presente recurso, la señora Martínez Rodríguez parece cuestionar una resolución emitida por el Departamento de la Familia que incluyó como parte del apéndice. Dicha agencia desestimó con perjuicio la apelación por falta de jurisdicción al ser presentada fuera de término.

En la petición la recurrente no hace referencia alguna a la decisión administrativa que interesa que revisemos. Tampoco nos pone en condición de conocer los hechos que motivan la presentación del recuso. No hizo un relato fiel y conciso de los hechos procesales e importantes del caso. Además, carece de señalamiento de error alguno, ni discusión. Tampoco realizó una súplica al tribunal. Todo lo cual es requerido por las reglas de este Tribunal y necesario para la más cabal y eficiente atención del mismo. La recurrente se limitó a mencionar un evento vecinal en el que aparentemente la agredieron por un incidente en el pasillo en donde ubica su apartamento.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, corresponde desestimar el recurso por falta de jurisdicción. La recurrente incumplió crasamente con las Reglas 59(C)(1) y (E) del Reglamento del Tribunal de Apelaciones, *supra*, y no nos colocó en posición de auscultar nuestra jurisdicción sobre el asunto planteado y de evaluar los méritos de sus alegaciones.

**IV.**

Por los fundamentos pormenorizados, se *desestima* el recurso de revisión judicial por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones